■ JOHN H. FISKE et al., Appellants-Respondents, v WILLIAM D. FISKE et al., Respondents-Appellants. — Cross appeals from a judgment of the Supreme Court, entered June 7, 1982 in Columbia County, upon a decision of the court at Trial Term (Kahn, J.), without a jury. This lawsuit involves a family dispute regarding certain real property in the Town of New Lebanon in Columbia County. The land in question was owned by plaintiffs John and Joan Fiske and a portion thereof which included a residence was sold to defendants William and Elaine Fiske on September 16, 1977. William and John Fiske are brothers. The parcel transferred at that time was bought for $25,000 by defendants who recorded the warranty deed they received from plaintiffs Fiske. Also involved in the transaction was an 11-acre parcel of vacant land which was contiguous to the parcel containing the residence. Defendants gave plaintiffs Fiske $10,000 for the vacant parcel in December of 1977 for which they received a copy of a warranty deed signed by plaintiffs Fiske. The problems which gave rise to this litigation stem from the deteriorating relations between defendants and plaintiffs Esther and Howard Barber, who are the mother and stepfather of plaintiff Joan Fiske. Plaintiffs Barber moved their mobile home onto a portion of the land owned by plaintiffs Fiske in 1964 in exchange for a monthly rental of $10 and their payment of a proportionate share of the taxes. This arrangement between plaintiffs Fiske and plaintiffs Barber, which involved a portion of the parcel of land containing the residence, continued until that parcel was sold to defendants in September of 1977 and is alleged to have been part of an oral agreement made in 1964 giving the Barbers a life tenancy in a

---

* A fill is an area which is lower than the original highway ground line.

rectangular shaped piece of land measuring 78 feet by 145 feet upon which the mobile home is parked. Defendants were aware of the existence of the mobile home and the possession by plaintiffs Barber of the rectangular piece of land, which was well defined by existing roads and fences, when they purchased the parcel of land in September of 1977. In fact, a condition of the sale was the insistence by plaintiffs Fiske that defendants sign a "trailer rental agreement". This agreement, which was signed by plaintiffs Fiske and defendants on September 16, 1977, provided that the Barbers could continue to live in their mobile home "on said parking space where it is presently installed" for the rest of their lives in exchange for the payment of $15 a month in rent and a proportionate share of the real property taxes. Plaintiffs Barber continued their possession of the mobile home and the rectangular lot on which it is located pursuant to the financial arrangement set forth in the trailer rental agreement until May of 1980. At that time, due to the breakdown in relations between plaintiffs Barber and defendants over whether the Barbers were entitled to exclusive use of the rectangular lot upon which their mobile home was parked, defendants wrote a letter to plaintiffs Barber giving them until August 1, 1980 to vacate the premises. This action was subsequently commenced on June 4, 1980 containing three causes of action. The first cause of action sought a determination pursuant to article 15 of the RPAPL that the Barbers had a life estate in the rectangular piece of land in question and were entitled to exclusive possession thereof. The second cause of action sought to permanently restrain defendants from harassing plaintiffs Barber in their enjoyment of their life estate while the third cause of action sought to recover $50,000 in damages caused to all plaintiffs by the intentional harassment engaged in by defendants. Defendants' answer contained counterclaims seeking (1) to have the trailer rental agreement signed on September 16, 1977 declared null and void on the grounds of duress and lack of consideration, and (2) to compel plaintiffs Fiske to convey to defendants in December of 1977 or, in the alternative, to have the $10,000 paid for that parcel returned to defendants with interest. Following a trial without a jury, the trial court found the trailer rental agreement signed by defendants to be binding and enforceable. It construed the agreement as entitling plaintiffs Barber to exclusive use of the land upon which the mobile home was physically located and nonexclusive use of the remainder of the rectangular shaped piece of land. The trial court also directed plaintiffs Fiske to convey to defendants a bargain and sale deed for the vacant parcel of land which was purchased in December of 1977. All other relief sought by the parties was denied. Both sides have appealed from the judgment entered upon the trial court's decision. At trial, the court sustained objections regarding testimony which was offered to establish the nature of the oral agreement between plaintiffs Fiske and Barber pursuant to which the Barbers began their possession of the mobile home in 1964. A review of the record reveals that the trial court sustained the objection of defendants' counsel to this line of questioning on the ground that it was irrelevant since it involved an agreement to which defendants were not a party and which preceded the written trailer rental agreement which defendants did sign in September of 1977. It was error for the trial court to sustain defendants' objection based on relevancy. Since defendants concede that they were aware of the Barbers' physical possession of a portion of the property when they purchased the parcel in September of 1977, they bought the property subject to whatever rights those in possession could establish (*Phelan v Brady,* 119 NY 587, 591; 1 Rasch, New York Landlord and Tenant [2d ed], § 10, p 13; § 98, p 160). Thus, plaintiffs' attempt to establish the nature of the agreement under which the Barbers began their possession in 1964 was clearly relevant to the issue presented by the lawsuit, i.e., the nature of the Barbers' interest in any of

the land currently owned by defendants. The fact that a trailer rental agreement may have subsequently been signed by defendants and plaintiffs Fiske as part of their real estate transaction, while possibly an independent source of rights for plaintiffs Barber under a theory that they were third-party beneficiaries of that contract, cannot alter the rights previously possessed by the Barbers since they were not signatories to the trailer rental agreement. Despite this erroneous ruling by the trial court regarding the relevancy of any oral agreement between plaintiffs, the record does contain sufficient proof from which a finding can be made that the oral agreement between plaintiffs Fiske and Barber created a life estate in the Barbers and that their use and occupation of the rectangular shaped piece of land on which the mobile home was located was exclusive for the entire period of time which preceded the sale of that land to defendants. In addition, there seems to be no dispute among the parties as to the physical boundaries of the rectangular piece of land at issue. While it is true that defendants are successors in interest to the title of the land previously owned by plaintiffs Fiske and, as such, could claim the benefit of the Statute of Frauds to defeat the rights of any third parties seeking to enforce a prior oral contract affecting the title to said property (see 73 Am Jur 2d, Statute of Frauds, § 577, pp 216-217), it does not appear that such a defense was raised by defendants in this action in either their answer or as a basis for objection when plaintiffs offered evidence of their oral agreement. Accordingly, any defense based on the Statute of Frauds was waived (see CPLR 3211, subd [a], par 5; subd [e]; 56 NY Jur, Statute of Frauds, § 336, pp 457-458). Moreover, even if such a defense were properly interposed in this action, the conduct of plaintiffs Barber during the time they lived in the mobile home could constitute part performance so as to remove the oral agreement from the Statute of Frauds (see General Obligations Law, § 5-703, subd 4). The part performance by the Barbers in reliance on the agreement with plaintiffs Fiske was substantial and included the installation of a septic system and drain field, construction of a driveway which was exclusively used for access to the mobile home, and sharing the cost with plaintiffs Fiske of drilling a well to serve the mobile home. The Barbers also planted numerous trees and ornamental shrubs throughout the rectangular shaped piece of land. These acts, taken together, constitute the part performance contemplated by the statute since they are unequivocally referable to the oral contract sought to be established (*Anostario v Vicinanzo,* 59 NY2d 662). We therefore find that the trial court erred in ruling that plaintiffs Barber were only entitled to nonexclusive use of the land on the rectangular shaped piece of realty surrounding the mobile home. We find that they have demonstrated their right to exclusive possession of the entire piece of land measuring 78 feet by 145 feet prior to the transfer of that property as part of a larger parcel by plaintiffs Fiske to defendants in September, 1977. Defendants' purchase of the property was subject to the Barbers' life estate. We agree, however, with the trial court's determination denying plaintiffs relief on their second and third causes of action seeking injunctive relief and damages. Turning to defendants' counterclaim, the trial court acted improperly in finding that it was the intention of the parties to transfer a bargain and sale deed for the 11 acres of vacant land purchased by defendants from plaintiffs Fiske in December of 1977. Introduced into evidence without objection at the trial was the copy of the unrecorded warranty deed which was given to defendants in December of 1977. The copy of the deed, which was signed by plaintiffs Fiske, specifically states that the sellers warrant title to the vacant parcel of land. Any prior oral agreements between the parties regarding the sale of this parcel merged into the deed (15 NY Jur, Deeds, § 75, p 150; see *Wheeler v State of New York,* 190 NY 406). Since the

language contained in the deed was clear and unambiguous, the trial court should not have looked at extrinsic circumstances surrounding the transaction to ascertain its intent (15 NY Jur, Deeds, § 72, p 146). Plaintiffs Fiske should be directed, therefore, to provide defendants with a warranty deed for the vacant parcel rather than a bargain and sale deed. On this appeal, defendants argue that the more appropriate relief would be to allow them to recover the $10,000 they paid for the vacant parcel, plus interest, since there is a potential defect in the title to that land. We agree with the trial court's rejection of this counterclaim. Defendants were in possession of the vacant parcel prior to its conveyance in December of 1977. When going onto the land in November of 1977 to cut firewood, defendants were put on notice of the controversy over ownership of that property when a neighboring landowner ordered them off the property claiming that it belonged to her. Since they were aware of a potential defect in the title prior to the time when the land was conveyed to them, defendants cannot now use the possibility that their title may be unmarketable as a basis for seeking the return of their purchase price (see 62 NY Jur, Vendor and Purchaser, § 132, p 396). Judgment modified, on the law and the facts, by amending (1) the first decretal paragraph to allow plaintiffs Barber exclusive use of the entire rectangular shaped piece of land, and (2) the second decretal paragraph to direct plaintiffs Fiske to execute and deliver to defendants a warranty deed for the land therein described, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.