■ M. RICHARD CERICK, Appellant, v MTB BANK et al., Respondents. [658 NYS2d 311] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered May 31, 1996, which, insofar as appealed from as limited by plaintiff's brief, granted defendants' motion to dismiss plaintiff's causes of action for defamation and intentional infliction of emotional distress for failure to state a cause of action, and denied plaintiff's cross motion to disqualify defendants' attorneys without prejudice to renewal, unanimously affirmed, without costs.

The alleged statement made by defendant president of defendant bank to various bank regulators and investigators referring to the bank's failure to file over 4,000 currency transaction and monetary instrument reports, that plaintiff, the bank's then general counsel and vice-president, "should have caught it", was not a slander per se (see, Amelkin v Commercial Trading Co., 23 AD2d 830, affd 17 NY2d 500). Nor should dismissal have awaited disclosure where the complaint was otherwise deficient in failing to allege in haec verba the particular defamatory words (Gardner v Alexander Rent-A-Car, 28 AD2d 667). In addition, the conduct elsewhere alleged "fall[s] short of the rigorous standard of outrageous conduct necessary to maintain a cause of action for intentional infliction of emotional distress", and it appears that plaintiff is attempting to circumvent the employee at will discharge rule by pleading such distress (Jaffe v National League for Nursing, 222 AD2d 233). Plaintiff's cross motion to disqualify defendants' law firm was properly denied (see, Talvy v American Red Cross, 205 AD2d 143, affd 87 NY2d 826). Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.