■ TED RALL, Respondent, v DANIEL HELLMAN, Appellant. [726 NYS2d 629] —Order, Supreme Court, New York County (Jane Solomon, J.), entered November 1, 1999, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously modified, on the law, to the extent of dismissing plaintiff's first, third, fourth, and fifth causes of action, without prejudice to plaintiff amending his complaint with respect to the first and third causes of action within 30 days of service of a copy of this order, with notice of entry, and otherwise affirmed, without costs.

Plaintiff alleges that defendant, a cartoonist, disseminated a fabricated e-mail in plaintiff's name that did not reflect plaintiff's views. The e-mail, it is alleged, was published in reaction to an article plaintiff wrote concerning a fellow cartoonist, Art Spiegelman, in which plaintiff asserted that Spiegelman exercised inordinate control over New York City's cartooning industry. Viewed in the light most favorable to plaintiff for purposes of CPLR 3211 (a) (7), the e-mail made plaintiff appear as a rude, petty, self-absorbed writer/cartoonist, who sought to insult and attack New York City's established cartooning industry. With this background we turn to plaintiff's claims.

As to plaintiff's second cause of action, alleging libel per se, we agree with Supreme Court that plaintiff stated a cause of action. Where, as here, an act of literary impersonation imputes facts to the person impersonated that damage him in his trade or profession, a cause of action for libel per se is adequately pleaded (see, *Ben-Oliel v Press Publ. Co.*, 251 NY 250). In this regard we note that a jury could, in this case, conclude that the e-mail at issue did not simply reflect on plaintiff's general character, but reflected on his status as a serious writer (*id.*). We disagree, however, that plaintiff has properly pleaded his remaining causes of action.

Plaintiff's first cause of action, insofar as it appears to assert a claim based upon a defamation not libelous per se (see, *Matherson v Marchello*, 100 AD2d 233, 237), was deficient since special damages were not pleaded (see, *Terwilliger v Wands*, 17 NY 54; *Wadsworth v Beaudet*, 267 AD2d 727). To the extent that the complaint alleges that certain meetings with potential

employers in the entertainment industry went poorly, there was no allegation that plaintiff actually lost a single client as a result of the e-mail (*see, Drug Research Corp. v Curtis Publ. Co.*, 7 NY2d 435; *Gersh v Kaspar & Esh*, 11 AD2d 1005). Moreover, plaintiff's allegation that his alleged emotional distress caused him to make a poor presentation does not constitute special damages for purposes of a libel claim (*Garrison v Sun Print. & Publ. Assn.*, 207 NY 1; *Wilson v Goit*, 17 NY 442; *Terwilliger v Wands, supra*). As to plaintiff's allegation that he incurred costs in identifying the source of the e-mail and averting damage to his reputation, this allegation was deficient as it failed to identify with any particularity the actual damages incurred (*see, Continental Air Ticketing Agency v Empire Intl. Travel*, 51 AD2d 104). In any event, it would appear that such costs would not be properly recoverable in the context of a libel claim (*see, Den Norske Ameriekalinje Actiesselskabet v Sun Print. & Publ. Assn.*, 226 NY 1, 5-6).

For similar reasons, plaintiff's third cause of action alleging injurious falsehood was not adequately pleaded. While costs, such as counsel fees, incurred in avoiding damage to plaintiff's reputation and business may be actionable under an injurious falsehood theory (*see, Clark v New York Tel. Co.*, 52 AD2d 1030, *affd* 41 NY2d 1069; Restatement [Second] of Torts § 623A), plaintiff's complaint was nevertheless deficient as he failed to identify his special damages with sufficient particularity (*see, Wasserman v Maimonides Med. Ctr.*, 268 AD2d 425; *Nyack Hosp. v Empire Blue Cross & Blue Shield*, 253 AD2d 743; *Continental Air Ticketing Agency v Empire Intl. Travel, supra*).

As to plaintiff's fourth cause of action, which asserted a violation of Civil Rights Law §§ 50 and 51, it is alleged that defendant used plaintiff's name without permission for "advertising purposes or for the purposes of trade" in that the subject e-mail was used "as a point of reference for defendant's own public commentary and criticism regarding plaintiff." Additionally, it is alleged that following the publication of the e-mail defendant commenced "numerous discussion 'threads' on the website operated by *The Comics Journal* * * * regarding plaintiff, his article, and plaintiff's alleged statement."

As plaintiff concedes, the relevant inquiry in the context of this case is whether the e-mail attracted customers to defendant and/or helped defendant make a profit (*see, Griffin v Harris, Beach, Wilcox, Rubin & Levey*, 112 AD2d 514). What is evident is that the complaint fails to provide any explanation (let alone an allegation) as to how defendant's criticism of

plaintiff served a trade purpose. Rather, what is alleged is that defendant utilized the criticism in order to generate "discussion" on a Web site, a site to which defendant was not even alleged to have been commercially connected. This is hardly a basis to assert a Civil Rights claim.

Finally, with regard to plaintiff's fifth cause of action alleging a claim of intentional infliction of emotional distress, defendant's impersonation of plaintiff, while undoubtedly wrongful, was not so outrageous and shocking as to constitute a basis for this claim (*see, Howell v New York Post Co.*, 81 NY2d 115, 122). To the extent that defendant is alleged to have made statements encouraging people to "vomit" on plaintiff, these statements were apparently made in e-mail transmissions on *The Comics Journal* Web site. Considering the content of the statements vis-à-vis the Web site at which they were published (*The Comics Journal* Web site), defendant's statements cannot be viewed as actionable (*id.*). We also note that, insofar as this claim is premised upon defendant's impersonation of plaintiff in the e-mail, it would be improper to permit plaintiff to evade the pleading prerequisites of a libel cause of action by simply recasting his claim as one for intentional infliction of emotional distress (*see, Fischer v Maloney*, 43 NY2d 553, 558; *Wilson v Merrill Lynch, Pierce, Fenner & Smith*, 111 AD2d 807, *affd* 66 NY2d 988). Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Friedman, JJ.