■ NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent, v ST. BARNABAS HOSPITAL, Appellant. [782 NYS2d 12]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered June 16, 2003, after a nonjury trial, in favor of plaintiff and against defendant in the sum of $776,189.99, unanimously reversed, on the law, without costs, the judgment vacated and judgment awarded in favor of defendant and against

plaintiff dismissing the complaint. The Clerk is directed to enter judgment accordingly.

This action arises from the refusal of defendant, St. Barnabas Hospital, a not-for-profit voluntary hospital corporation, to reimburse plaintiff Health and Hospitals Corporation (HHC) for the salaries of pediatric residents employed by Lincoln Hospital, who performed services at St. Barnabas during 1998-2001 as part of a pediatric residency rotation program set up pursuant to a Resident Rotation Agreement entered into by the parties, effective July 1998, following discussions between their representatives, Drs. Kairam and Daines.

In holding that plaintiff had established valid claims based on breach of contract and equitable estoppel, the trial court found that, based upon an April 1998 memorandum from Dr. Kairam to Dr. Daines and a series of June 1998 e-mails, the parties had reached a separate enforceable agreement regarding reimbursement by St. Barnabas.

Such determination, however, ignored well-established principles of contract interpretation and parol evidence as well as the language of the Resident Rotation Agreement, which expressly provided that residents were not entitled to payment or other consideration from St. Barnabas in the nature of compensation and salary by reason of participation in the resident rotation program. Additionally, in the addendum to the agreement, Lincoln Hospital agreed to "promptly pay all salary, benefits, taxes and other such employment-related items to or on behalf of the Residents and maintain all necessary insurance coverage and benefit plans to which Residents are entitled." More importantly, neither the Resident Rotation Agreement nor the addendum, which were both signed by representatives of the parties, stated that St. Barnabas was required to reimburse Lincoln Hospital for the cost of the residents' salaries. Finally, the plain language of the agreement's "merger clause" stated that it constituted the entire understanding and agreement between the parties regarding the resident training program and could only be modified or amended in a writing signed by both parties.

Thus, where an agreement contains such a merger clause, extrinsic evidence that adds to or varies its terms should have been precluded (*see Jarecki v Shung Moo Louie*, 95 NY2d 665, 669 [2001] ["The purpose of a merger clause is to require the full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to alter, vary or contradict the terms of the writing (*Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 599). The merger clause accomplishes this

purpose by evincing the parties' intent that the agreement 'is to be considered a completely integrated writing' (*id.*, at 600)"]).

Here, the Resident Rotation Agreement was a completely integrated agreement whereby Lincoln Hospital was required to pay for the cost of the residents, and there was no obligation on the part of St. Barnabas to reimburse Lincoln Hospital for same. As such, the trial court should have excluded all extrinsic evidence of communications between the parties concerning the issue of reimbursement and St. Barnabas should have been awarded judgment as a matter of law because the Resident Rotation Agreement unequivocally and unambiguously states that Lincoln Hospital was to pay for the residents who rotated to and received training at St. Barnabas.

As to the trial court's alternative theory for recovery, in order to state a viable cause of action for promissory estoppel, the following elements must be established: (1) an oral promise that is sufficiently clear and unambiguous; (2) reasonable reliance on the promise by a party; and (3) injury caused by the reliance (*see Knight Sec. v Fiduciary Trust Co.*, 5 AD3d 172 [2004]).

Here, there was no clear and unambiguous promise by St. Barnabas to reimburse Lincoln Hospital for the cost of the residents and, given the clarity of the Resident Rotation Agreement and addendum, which were both signed by all parties and required Lincoln Hospital to pay for the residents, reliance on any precontract communications that may have suggested otherwise can hardly be deemed reasonable.

Accordingly, inasmuch as the trial court's verdict in favor of HHC is not supported by sufficient evidence, it is vacated and judgment awarded to St. Barnabas dismissing the complaint. Concur—Mazzarelli, J.P., Andrias, Sullivan, Lerner and Gonzalez, JJ.