■ Steven Rosenberg, Appellant, v Home Box Office, Inc., et al., Respondents. [822 NYS2d 921]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 6, 2006, insofar as appealed from as limited by the briefs, dismissing the third and fourth causes of action and dismissing the complaint outright as against defendant Time Warner, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered February 8, 2006, which granted defendants' motion to dismiss as indicated, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The defamation cause of action was insufficiently pleaded. Plaintiff failed to plead the time, place and manner in which the alleged words were stated, or any specifics as to third persons to whom the words were communicated (*see Williams v Varig Brazilian Airlines*, 169 AD2d 434, 437 [1991], *lv denied* 78 NY2d 854 [1991]). The court properly declined to consider the belated assertion of injurious falsehood, for which we note that plaintiff failed to plead injury to any legally protected property interest (*Miller v Richman*, 184 AD2d 191, 194 [1992]) or special damages (*Rall v Hellman*, 284 AD2d 113, 114 [2001]). As to the promissory estoppel claim, plaintiff failed to plead a promised personal action by the individual defendant, or reasonable, detrimental reliance on any such promise.

Because the defamation and injurious falsehood claims are

without merit, whether or not those claims apply to Time Warner is academic. Plaintiff's argument that he pleaded breach of contract against that party is made for the first time on appeal, in contradiction to a concession made to the motion court, as quoted in the order on appeal. Were we to consider the argument, we would reject it. Concur—Mazzarelli, J.P., Saxe, Marlow, Sullivan and Williams, JJ.