■ BCRE 230 Riverside LLC, Respondent, v Erich Fuchs, Appellant. [874 NYS2d 34]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered November 9, 2007, which granted plaintiff's motion to vacate a prior order that had permitted defendant on default to amend its counterclaims, and upon reconsideration dismissed those counterclaims, and order, same court and Justice, entered January 18, 2008, which denied defendant's motion to renew the November 9, 2007 order with respect to the defamation counterclaim, unanimously affirmed, without costs.

Defendant's proposed amplified counterclaim for defamation and new counterclaims for injurious falsehood and malicious prosecution were "palpably insufficient as a matter of law" (*Davis & Davis v Morson*, 286 AD2d 584, 585 [2001]). The court thus properly denied defendant's motion for leave to amend.

The counterclaim for defamation, in both its original and amplified form, was deficient on its face because it failed to meet the pleading requirements of CPLR 3016 (a). In now alleging that "plaintiff and/or their agents or attorneys" stated to New York Post reporters false and defamatory "words to the effect" that defendant had been tossing urine and other fluids and objects from the terrace of his apartment onto construction workers below, and that as a result, plaintiff caused an article to be written repeating the false and defamatory words, the proposed amended counterclaim failed to state with particularity what the allegedly false statements were and who made them. Defendant's use of the qualifying "words to the effect," as well as his reliance on the text of a third party's paraphrasing of plaintiff's allegedly false statements, made these allegations insufficient to satisfy the particularity requirement of CPLR 3016 (a) and rendered the proposed amended counterclaim defective (*Ramos v Madison Sq. Garden Corp.*, 257 AD2d 492, 493 [1999]; *Murganti v Weber*, 248 AD2d 208 [1998]). Defendant's contention that he is entitled to discovery to ascertain the particulars that are lacking is unavailing. Dismissal of a claim need not await disclosure where it is "otherwise deficient in failing to allege in haec verba the particular defamatory words" (*Cerick v MTB Bank*, 240 AD2d 274 [1997]), and is based instead on a paraphrased version (*see Le Sannom Bldg. Corp. v Dudek*, 177 AD2d 390, 391 [1991]).

We also find no merit to defendant's proposed counterclaim for injurious falsehood. As with the defamation counterclaim, the proposed injurious falsehood counterclaim fails to specify with particularity the alleged falsehood uttered by plaintiff (*see Alexander & Alexander of N.Y. v Fritzen*, 114 AD2d 814, 816-817 [1985]). Moreover, the court's findings of fact in the earlier preliminary injunction hearing make clear that plaintiff's representatives had good reason to believe it was defendant who was dumping fluids and throwing debris on the construction workers. Accordingly, the circumstances under which the allegedly false statements were made to the New York Post reporters, if in fact made by plaintiff's representatives, flatly contradict defendant's contention that any such statements were made with intentional malice or with reckless disregard for the consequences flowing therefrom (*see Gilliam v Richard M. Greenspan, P.C.*, 17 AD3d 634, 635 [2005]). Defendant's allegation of special damages, a necessary element of an action for injurious falsehood that must be pleaded with particularity (*see Wasserman v Maimonides Med. Ctr.*, 268 AD2d 425, 426 [2000]), is wholly inadequate because it fails to allege specific injury to legally protected property interests (*see Cunningham v Hagedorn*, 72

AD2d 702, 704 [1979]). The allegation that defendant has incurred legal fees does not satisfy this requirement (*see Rall v Hellman,* 284 AD2d 113, 114 [2001]).

We similarly reject defendant's argument that the court erred in denying him leave to add a counterclaim for malicious prosecution. In addition to failing on the elements of actual malice and special damages for the reasons set forth above, defendant's proposed counterclaim fails sufficiently to allege facts tending to show that plaintiff instituted the prior civil proceedings against him without probable cause (*see Burt v Smith,* 181 NY 1 [1905], *writ dismissed* 203 US 129 [1906]; *Rossi v Attanasio,* 48 AD3d 1025, 1028-1029 [2008]). As the testimony from plaintiff's witnesses at the preliminary injunction hearing made clear, plaintiff had reasonable cause to believe that defendant had committed the acts complained of against the construction workers, causing it to seek an injunction and to evict defendant. Plaintiff thus clearly had knowledge of facts, actual or apparent, strong enough to justify a reasonable person in believing he had lawful grounds for prosecuting defendant in the manner complained of (*see Burt,* 181 NY at 5).

Finally, the court properly denied defendant's motion to renew with respect to the proposed amended counterclaim for defamation. Contrary to defendant's contention, the fact he had failed to apprise the court of having served the Post reporters with subpoenas was not "new" because the court had previously been aware of this through defendant's submissions in connection with his original motion for leave to amend and in opposition to plaintiff's motion to vacate. To the extent defendant argues that the court overlooked this fact in considering plaintiff's motion to vacate, such an argument is consistent with a motion for reargument, the denial of which is not appealable (*see Siegel v Monsey New Sq. Trails Corp.,* 40 AD3d 960, 962 [2007]). In any event, even if the facts relied on were "new facts" properly considered on a motion to renew, they would not have changed the prior determination because the failure of defendant to avail himself of the discovery devices to ascertain the necessary facts to support his defamation counterclaim was but one of several infirmities that invalidated his defamation counterclaim (*see Peycke v Newport Media Acquisition II, Inc.,* 40 AD3d 722 [2007]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Moskowitz, Acosta and Freedman, JJ. [*See* 2007 NY Slip Op 33686(U).]