■ JEREMY S. PITCOCK, Appellant, v KASOWITZ, BENSON, TORRES & FRIEDMAN LLP et al., Respondents, et al., Defendant. KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, Appellant, v JEREMY S. PITCOCK, Respondent. [903 NYS2d 43]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered October 1, 2009, insofar as it granted the motion by defendants Kasowitz, Benson, Torres & Friedman LLP (KBTF) and Eric Wallach in the first action to dismiss plaintiff former partner's (the partner) causes of action alleging defamation, tortious interference with business relations, injurious false-

hood and unjust enrichment, and which also granted the partner's motion to dismiss KBTF's complaint in the second action, unanimously affirmed, without costs.

Order, same court and Justice, entered February 25, 2010, which granted the partner's motion to reargue the dismissal of the above-stated four causes of action and, upon reargument, adhered to its original determination, unanimously affirmed, without costs.

The partner alleged in the first action, inter alia, that his former employer, KBTF, defamed him personally, as well as his business reputation, by KBTF's issuance of a press release stating that he had been "terminated for cause," "because of extremely inappropriate personal conduct," and through a subsequent statement by a KBTF partner that the termination had occurred after a "thorough" and "weeklong" investigation by KBTF. The press release and statement were made after a certain publication reported that the partner had joined his new firm "after jumping ship" from KBTF, taking with him certain important clients, and that the new firm had "nab[bed]" him. When the trade publication did not issue what KBTF regarded as a sufficient correction, KBTF published the allegedly defamatory statements quoted above.

The IAS court correctly dismissed the partner's defamation claims upon finding that the partner's pleading, and a December 2007 e-mail which he had sent to a senior partner at KBTF, effectively admitted that he was terminated for cause due to his inappropriate personal conduct while at KBTF. A review of the pleadings and documentary evidence submitted supports the motion court's conclusion that KBTF's alleged defamatory remarks were substantially true (*see Carter v Visconti*, 233 AD2d 473 [1996], *lv denied* 89 NY2d 811 [1997]; *Ingber v Lagarenne*, 299 AD2d 608 [2002], *lv denied* 99 NY2d 507 [2003]). KBTF's use of the term "extremely" to qualify the partner's inappropriate conduct, when viewed in the context of KBTF's warranted response to the new firm's initial announcement, would be viewed by a reasonable reader as constituting opinion, and thus would be privileged (*see Brian v Richardson*, 87 NY2d 46 [1995]).

The partner failed to state a claim for tortious interference with business relations, inasmuch as his pleadings asserted that KBTF's alleged defamatory statements were made to gain, inter alia, economic advantage, and were not published solely out of malice; nor, for the reasons stated above, can the partner prevail on this claim on the theory that KBTF employed "wrongful means" in making the challenged statements (*see generally*

*Snyder v Sony Music Entertainment*, 252 AD2d 294 [1999]). The partner's injurious falsehood claim was insufficiently pleaded absent viable allegations that false and disparaging statements were made which harmed the partner's property or business reputation (*see generally Rall v Hellman*, 284 AD2d 113 [2001]; *Cunningham v Hagedorn*, 72 AD2d 702 [1979]). The partner's equitable claim alleging KBTF was unjustly enriched because he performed "transition" services for KBTF without pay was properly dismissed inasmuch as the parties' partnership agreement covered compensation issues for partners both in good standing with the firm, and those like the plaintiff, who had been expelled.

The court properly dismissed the causes of action in KBTF's complaint given the vague, boilerplate allegations of damages which were insufficient to sustain the causes of action asserted therein (*see generally Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435 [1988]; *see also Rall v Hellman*, 284 AD2d at 114). Concur—Tom, J.P., Friedman, McGuire, Acosta and Román, JJ.

**[Prior Case History: 2009 NY Slip Op 32262(U).]**