■ LAURENCE L. LEFF, PH.D., as Administrator of the Estate of EVE LEWIS, Deceased, et al., Appellants, v TIAA-CREF LIFE INSURANCE COMPANY, Respondent. [915 NYS2d 558]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered November 24, 2009, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing the cause of action for a declaration that it must pay, transfer or roll over the proceeds of the decedent's personal annuity contract into an individual retirement account (IRA) in the individual plaintiff's name, unanimously modified, on the law, to deny the motion and to declare that defendant is not obligated to pay, transfer or roll over the proceeds of the decedent's personal annuity contract into an IRA in plaintiff's name, and otherwise affirmed, without costs.

The annuity contract at issue here is not ambiguous; plaintiff's interpretation of the contract, according to which he, who is not a party to it, is permitted to make changes to it, is not reasonable (*see RM Realty Holdings Corp. v Moore*, 64 AD3d 434, 436 [2009]; *Fiske v Fiske*, 95 AD2d 929, 931 [1983], *affd* 62 NY2d 828 [1984]). Nor was it reasonable for plaintiff to rely on the alleged promises of defendant's employees to roll over the

death benefit into an IRA, since this promise clearly was in violation of the annuity contract, a copy of which plaintiff possessed at the time he alleges he relied on defendant's promises. Thus the claim for promissory estoppel fails (*see New York City Health & Hosps. Corp. v St. Barnabas Hosp.*, 10 AD3d 489, 490 [2004]). The detrimental reliance claim fails for the same reason (*see Rosenberg v Home Box Off., Inc.*, 33 AD3d 550, 550 [2006], *lv denied* 8 NY3d 804 [2007]).

Plaintiff's argument based on the Electronic Signatures in Global and National Commerce Act (*see* 15 USC § 7001) is unavailing, since, even assuming that his conversations with defendant's employees formed a contract, that contract could not be used to alter the terms of the annuity contract between defendant and decedent (*see Fiske*, 95 AD2d at 931).

Plaintiff's claim that he and defendant entered into a contract requiring defendant to roll over the death benefit into an IRA is without merit. The record is devoid of the manifestation of mutual assent required to create a contract (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]). Defendant never intended that plaintiff interpret its provision of customer service as an offer to enter into a contract, and, at the time of the alleged promise, neither plaintiff nor defendant's employees were certain that the death benefit could legally be rolled over. Defendant investigated the matter in an effort to help plaintiff, and ultimately notified him that any action other than a lump-sum payment to the estate was unambiguously prohibited by the annuity contract. Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 25 Misc 3d 1234(A), 2009 NY Slip Op 52406(U).]**