■ BODUM USA, INC., Appellant, v THOMAS PEREZ et al., Respondents. [49 NYS3d 292]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 8, 2015, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The complaint fails to adequately allege that plaintiff's former chief executive officer Perez breached the noncompete clause set forth in section 11.1 (a) of the service agreement. A plaintiff alleging a competition-based claim must identify the relevant market with reference to the rule of reasonable interchangeability (*see Continental Guest Servs. Corp. v International Bus Servs., Inc.*, 92 AD3d 570, 572 [1st Dept 2012]). Plaintiff has pleaded nothing but conclusory statements without factual support for its claim that its products are competitive with those of defendant Alpha. The only allegation in the complaint concerning competition is that both plaintiff and defendant Alpha "market[ ] [their] coffeemakers to commercial customers, such as hotels, restaurants and coffee specialty companies." There are no allegations that Alpha's products are sold to the same relevant market, for a similar purpose, let alone to the same customers. The complaint further fails to allege that plaintiff lost any customers to Alpha (*see Pitcock v Kasowitz, Benson, Torres & Friedman LLP*, 74 AD3d 613, 615 [1st Dept 2010] ["vague, boilerplate allegations of damages . . . insufficient to sustain the causes of action"]). At oral argument, more than a year after Perez joined Alpha, plaintiff conceded that it was not aware or, and could not allege, any lost business. The same remains true today, yet another year later. Given that plaintiff's complaint is comprised solely of conclusory allegations of competition, the motion court properly dismissed the breach of contract claim as a matter of law.

Plaintiff's remaining claims for breach of contract were also properly dismissed. Allegations that Perez will "inevitably" solicit defendant's customers or disclose trade secrets are conclusory and insufficient to state a cause of action. The other tort claims were properly dismissed as conclusory and insufficient.

We have considered plaintiff's remaining contentions, including its request for leave to amend the complaint, and find them unavailing. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ.