Rimrock High Income Plus (Master) Fund, Ltd. v Avanti Communications Group PLC (2018 NY Slip Op 00257)





Rimrock High Income Plus (Master) Fund, Ltd. v Avanti Communications Group PLC


2018 NY Slip Op 00257


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5457 652338/17

[*1]Rimrock High Income Plus (Master) Fund, Ltd., et al., Plaintiffs-Respondents-Appellants,
v Avanti Communications Group PLC, et al., Defendants-Appellants-Respondents.


Milbank Tweed Hadley & McCloy LLP, New York (Alan J. Stone of counsel), for appellants-respondents.
Dechert LLP, New York (Gary Mennitt of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 21, 2017, which granted defendants' motion to dismiss as to the first cause of action, for breach of contract, and denied the motion as to the second cause of action, for breach of the implied covenant of good faith and fair dealing, unanimously modified, on the law, to grant the motion in its entirety, and, otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiffs, holders of certain notes, claim that defendants breached an indenture issued by defendant Avanti Communications Group PLC. The indenture contains a "no action" clause, which provides that no noteholder may pursue any remedy with respect to the indenture or notes unless certain specified conditions are met.
Plaintiffs failed to comply with the no action clause, and thus lack standing to pursue their claims (Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 560-561 [2014]; STS Partners Fund, LP v Deutsche Bank Sec., Inc., 149 AD3d 667, 668 [1st Dept 2017], lv dismissed in part and denied in part 2017 NY Slip Op 92892 [2017]).
Even if plaintiffs had standing, the claims fail to state a cause of action. The breach of contract claim is based on conclusory allegations of collusion (Bodum USA, Inc. v Perez, 148 AD3d 644, 625 [1st Dept 2017]), and the claim for breach of the implied covenant of good faith and fair dealing is duplicative of the breach of contract claim.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK