Ginarte Gallardo Gonzalez & Winograd v Schwitzer (2021 NY Slip Op 02492)





Ginarte Gallardo Gonzalez & Winograd v Schwitzer


2021 NY Slip Op 02492


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. 159991/18 Appeal No. 13679-13680 Case No. 2019-05381 2019-05501 2020-04666 

[*1]Ginarte Gallardo Gonzalez & Winograd, Plaintiff-Respondent,
v
William Schwitzer, et al., Defendants-Appellants, Mignolia Pena, et al., Defendants.


Gibson, Dunn & Crutcher LLP, New York (Randy M. Mastro of counsel), for William Schwitzer, William Schwitzer & Associates, P.C., Giovanni C. Merlino, Barry Aaron Semel-Weinstein and Beth Michelle Diamond, appellants.
Walden Macht & Haran LLP, New York (Georgia Winston of counsel), for Rene G. Garcia and The Garcia Law Firm, P.C., appellants.
Robert & Robert, PLLC, Uniondale (Clifford S. Robert of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on 0r about November 4, 2019, insofar as it denied defendants' motions to dismiss the claims for defamation and tortious interference with contract, unanimously modified, on the law, to grant the motion as to the defamation claim, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about November 16, 2020, insofar as it denied defendants William Schwitzer, William Schwitzer & Associates, PC, Giovanni C. Merlino, Barry Aaron Semel-Weinstein, and Beth Michelle Diamond's (the Schwitzer Defendants) motion for leave to renew their motion as to the tortious interference claim, unanimously affirmed, without costs, and appeal therefrom to the extent it denied defendants' motions for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.
The defamation claim must be dismissed as against all defendants, because the only statements found actionable by the motion court were made to plaintiff's paralegal, i.e., plaintiff's representative, and not to a third party (see Richards v Security Resources, 187 AD3d 452, 453 [1st Dept 2020]). The defamation per se claim is included, since no harm can be presumed to result to plaintiff from statements made to its own representative. Contrary to plaintiff's contention, the court did not "infer" that defamatory statements were made to its clients. It ruled that statements made to plaintiff's clients were nonactionable because they were pleaded without the requisite particularity and/or time-barred (see CPLR 3016[a]; BCRE 230 Riverside LLC v Fuchs, 59 AD3d 282 [1st Dept 2009]).
As to the tortious interference claim, the parties do not challenge the court's articulation of the elements of such a claim in the context of terminable-at-will retainer agreements, namely, that the defendant's conduct must constitute a crime or an independent tort (see e.g. Steinberg v Schnapp, 73 AD3d 171, 176 [1st Dept 2010]). We find that the complaint, as augmented by affidavits submitted in opposition to defendants' motions to dismiss, and in conjunction with the undisputed proof of the four clients who substituted plaintiff for either the Schweitzer firm or the Garcia firm, states at a minimum a cause of action for tortious interference premised on violations of Judiciary Law §§ 479 and 482, which are unclassified misdemeanors (Matter of Ravitch, 82 AD3d 126, 127 [1st Dept 2011]; Matter of Boter, 46 AD3d 1, 3 [1st Dept 2007]). Affidavits show that defendants' efforts to lure away plaintiff's clients involved the use of case runners to solicit business on their behalf. Although the affidavits by the unnamed Clients 1-5, who remained plaintiff's clients, do not alone support the tortious interference claim, they shed light on the tactics to which defendants were apparently willing to resort, as does the affidavit by the Schwitzer firm's former employee, which is consistent with those by Clients 1-5. The court [*2]properly declined to consider the affidavit by Cerda Rodriguez, a client who substituted the Schwitzer firm for plaintiff, which was submitted by the Schwitzer Defendants in support of their motion for leave to renew, because they failed to offer reasonable justification for failing to submit it on the prior motion (CPLR 2221[e][e]). We note that in any event the affidavit is not the determinative blow to the tortious interference claim that the Schwitzer Defendants maintain it is.
Moreover, as the court found, the tortious interference claim is supported, at this pleading stage, by the departure of the three other clients who retained the Garcia firm, which, in turn, retained the Schwitzer firm as trial counsel. The Garcia Defendants argue that these substitutions do not show any wrongful conduct on their part, and the Schwitzer Defendants argue that their retention as trial counsel in these matters post-dated the events alleged in the complaint. However, at a minimum, the circumstances raise issues of fact as to the business relationship between the Garcia and Schwitzer firms and, in view of the evidence of the Schwitzer firm's tactics, invite inquiry as to how the Garcia firm, which then brought in the Schwitzer firm, became counsel to these individuals. The dates on which the Schwitzer firm formally became trial counsel do not constitute evidence of its first consultation as to these cases or whether, and to what degree, the two firms coordinated in an effort to secure these clients.
The court correctly declined to dismiss the complaint as against the individual defendants. Given these individuals' alleged direct involvement in the events that underlie the tortious interference claim, supported by affidavits submitted by plaintiff, the Schwitzer Defendants' arguments premised on the shortcomings of vicarious liability doctrines are not relevant.
No appeal lies from the denial of reargument (Rodriguez v Nevei Bais, Inc., 158 AD3d 597 [1st Dept 2018]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021