Espinoza v A S K Std. Tr. Corp. (2024 NY Slip Op 02144)

Espinoza v A S K Std. Tr. Corp.

2024 NY Slip Op 02144

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 655685/21 Appeal No. 2110 Case No. 2023-04203 

[*1]Afonso Vargas Espinoza, Plaintiff-Respondent,
v
A S K Standard Transit Corp., Doing Business as Bike Rental Central Park etc., Defendant-Appellant, Attraction Pass Inc., Doing Busniess as Topview Sightseeing etc., et al., Defendants.

Barton, LLP, New York (Maurice N. Ross of counsel), for appellant.
Hang & Associates, PLLC, Flushing (Yongjin Bae of counsel) for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 20, 2023, which denied defendant A S K Standard Transit Corp.'s motions to compel discovery, for leave to amend the answer, and to strike the note of issue, unanimously affirmed, with costs.
The motion court providently exercised its discretion in denying the motion to amend, as defendant's counterclaims for fraud, breach of contract, breach of the duties of good faith and loyalty, and abuse of process are palpably improper or insufficient as a matter of law (see Dragons 516 Ltd. v GDC 138 E 50 LLC, 201 AD3d 463 [1st Dept 2022]). Defendant fails to adequately allege damages resulting from plaintiff's use of a fraudulent social security card to support its counterclaims (see Alloy Advisory, LLC v 503 W. 33rd St. Assoc., Inc., 195 AD3d 436 [1st Dept 2021]; Pitcock v Kasowitz, Benson, Torres & Friedman LLP, 74 AD3d 613, 615 [1st Dept 2010]). Defendant also fails to allege that plaintiff breached his obligation to exercise good faith and loyalty in the performance of his duties by interfering with its contracts, misappropriating its confidential information, or otherwise unfairly competing with it (see CBS Corp. v Dumsday, 268 AD2d 350, 352-353 [1st Dept 2000]). In any event, an employer is not injured by an undocumented worker's production of false documentation where it receives the bargained-for labor (see e.g. Jara v Strong Steel Door, Inc., 58 AD3d 600, 602 [2d Dept 2009]).
Defendant's claim against plaintiff and his attorneys for abuse of process fails because "the institution of a civil action by summons and complaint is not legally considered process capable of being abused" (Curiano v Suozzi, 63 NY2d 113, 116 [1984]). Its allegation that plaintiff and his attorneys should have voluntarily withdrawn this action once his alleged fraud was uncovered is insufficient to show abuse of process because plaintiff's use of false documents to obtain work may have no bearing on his entitlement to compensation for his services (see Balbuena v IDR Realty, LLC, 6 NY3d 338 [2006]; see also Majlinger v Cassino Contr. Corp., 25 AD3d 14, 24-25 [2d Dept 2005]). Similarly, the motion court properly denied defendant's motion to compel discovery related to plaintiff's admitted use of the fraudulent social security card with other employers, telephone companies, banks, and social media accounts. These documents are neither relevant nor necessary to its defense in this action (see CPLR 3101[a][1]; Foster v Snow, 221 AD3d 405 [1st Dept 2023]).
The motion court providently denied defendant's motion to vacate the note of issue, as it failed to show that a material fact in the certificate of readiness was incorrect (see 22 NYCRR 202.21[e]). In any event, as noted above, the post-note of issue discovery that defendant seeks is neither relevant nor necessary to defend against plaintiff's claim for unpaid wages (see Foster, 221 AD3d at 405). THIS CONSTITUTES THE DECISION AND ORDER
OF THE [*2]SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024