Stolzman v 210 Riverside Tenants, Inc. (2024 NY Slip Op 03563)

Stolzman v 210 Riverside Tenants, Inc.

2024 NY Slip Op 03563

Decided on July 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 02, 2024

Before: Webber, J.P., Kern, Kennedy, Higgitt, Michael, JJ. 

Index No. 651058/20 Appeal No. 1912 Case No. 2023-00097 

[*1]Richard Stolzman, Appellant,
v
210 Riverside Tenants, Inc., Respondent.

Armstrong Teasdale LLP, New York (Thomas V. Juneau, Jr. of counsel), for appellant.
Braverman Greenspun, P.C., New York (Maria Boboris of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered June 10, 2022, which denied plaintiff cooperative shareholder's motion for summary judgment on its cause of action for breach of a license agreement, unanimously reversed, on the law, without costs, and the motion granted.
The issue presented on appeal is the scope of plaintiff shareholder's right to replace an air conditioning unit on the roof of the building.
In 1991, defendant-cooperative granted plaintiff's predecessor lessee a license to use a 20-square foot space on the roof of the building (the Space) "for the installation of an air conditioning unit . . . serving the Apartment, and for no other purpose." In 2002, the 1991 license agreement was amended to, among other things, remove the forgoing language and permit plaintiff's predecessor, as lessee, "and [l]essee's successors and assigns" to "use the Space for an air-conditioning unit ("Air Conditioning") serving the Apartment, and for no other purpose." The license required the lessee to "maintain such Air Conditioning in accordance with all applicable legal requirements" and specified that the granted rights were "deemed appurtenant to ownership of the Proprietary Lease and cooperative shares allocated to the Apartment" and were irrevocable.
In 2018, plaintiff listed the apartment for sale. Defendant-cooperative refused to provide any assurances to any prospective buyers or plaintiff concerning the air conditioning unit and reserved the right to refuse consent to a replacement. Plaintiff moved for a declaratory judgment that the license agreement gave him and his successors and assigns the right to replace the air conditioning unit; for breach of the license agreement; for breach of the proprietary lease; for tortious interference with prospective business relations; and for a permanent injunction, enjoining the cooperative from continuing its alleged breaches and tortious conduct. Following defendant's answer denying liability and asserting several affirmative defenses, plaintiff moved for summary judgment on his remaining claim for breach of the license agreement after the motion court dismissed all other causes of action.
The motion court denied plaintiff's motion for summary judgment finding that the 2002 license agreement was ambiguous as to whether it "permits [plaintiff] to replace the existing air-conditioning unit." The court stated that "[i]n short, the text of the agreement may reasonably be read as permitting only use of the existing air-conditioning unit, and also as permitting both use of that unit and its replacement with a new unit."
We find that the motion court improperly denied plaintiff's motion for summary judgment. The license agreement, which was irrevocable, permitted plaintiff to maintain an air conditioner on the roof of the building, and was unambiguous in permitting plaintiff the ability to install a replacement air conditioner on the roof of the building.
The threshold analysis [*2]in determining the parties' intent is limited to the four corners of the controlling license agreement (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]). Here the controlling license agreement, which is the 2002 license, is unambiguous. Unlike the 1991 agreement, the 2002 license broadly permits the lessee and all successors to use the Space for "an air-conditioning unit" (emphasis added). There is no qualifying language limiting the use of the Space to the existing unit as defendant contends. Further, while the 1991 license was limited to a 10-year term and for so long as the original lessee held title to the proprietary lease, the rights set forth in the 2002 license apply to successor owners, are appurtenant to the cooperative shares and are irrevocable, supporting the practical and eventual need to replace the existing unit (see Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]["Where the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole"]).
Defendant relies upon the fact that the 2002 license requires the lessee to "maintain" the unit, without reference to its replacement. This position ignores the rest of the explicit language of paragraph 2, which is not susceptible to more than one interpretation, must be applied by its "plain meaning" and cannot be redefined to support defendant's argument (see Ellington, 24 NY3d at 245). Moreover, defendant's reliance on extrinsic evidence, including the 1994 and 1995 negotiations between the parties, is similarly misplaced because parol evidence is not admissible to create an ambiguity in a clear agreement (W.W.W. Assoc., 77 NY2d at 163).
Finally, Supreme Court properly declined to consider the merits of plaintiff's unpled claim for breach of the implied covenant of good faith and fair dealing which was first asserted in support of the motion for summary judgment (see Rosenberg v Home Box Office, Inc., 33 AD3d 550, 550 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 2, 2024