Galarza v City of New York (2024 NY Slip Op 04603)

Galarza v City of New York

2024 NY Slip Op 04603

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Index No. 28727/17 Appeal No. 2613 Case No. 2023-00810 

[*1]Mildred Galarza, as Administrator of the Estate of Ariel Galarza, et al., Plaintiffs-Appellants,
v
The City of New York et al., Defendants-Respondents, John Does — Police Officers Whose Names are Not Yet Known or Identified, Defendants.

Beldock Levine & Hoffman LLP, New York (Keegan Stephan of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about January 11, 2023, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Dismissal is appropriate on the basis of qualified immunity because the subject use of force was not clearly objectively unreasonable under the then-governing law (see generally Muschette v Gionfriddo, 910 F3d 65, 69-70 [2d Cir 2018]). Although it was "clearly established that officers may not use a taser against a compliant or non-threatening suspect" (Muschette, 910 F3d at 69), it is undisputed in the record that plaintiff's decedent was neither compliant nor nonthreatening. The decedent's conduct in raising a glass bottle over his head while screaming and otherwise behaving erratically was objectively threatening, whether or not a taser deployment was the correct response thereto. Contrary to plaintiff's claim, there can be no issue of fact as to whether the decedent grabbed the bottle and raised it over his head while screaming, as this series of events was admitted by plaintiff below (see Rosenberg v Home Box Off., Inc., 33 AD3d 550, 551 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). Moreover, plaintiff raises for the first time on appeal that decedent did not subjectively intend to resist arrest, however, even if this were an issue we were able to reach, a reasonable officer could have interpreted his conduct as resistant (see Muschette, 910 F3d at 70-72). Negron v City of NY (976 F Supp 2d 360 [ED NY 2013]), on which plaintiff relies, is distinguishable insofar as the target in Negron was in an elevated and precarious position, and thus at a severe risk of danger from being tased while in that position, rendering the use of a taser clearly unreasonable (see Negron, 976 F Supp 2d at 367-368).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024