S.N. v Integral Yoga Inst., Inc. (2026 NY Slip Op 00217)

S.N. v Integral Yoga Inst., Inc.

2026 NY Slip Op 00217

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Index No. 952220/23|Appeal No. 5621|Case No. 2025-00527|

[*1]S.N. et al., Plaintiffs-Respondents,
vIntegral Yoga Institute, Inc., et al., Defendants-Appellants.

Krieger, Wilansky & Hupart, Bronx (Brett R. Hupart of counsel), for appellants.
McAllister Olivarus, New York (Matthew F. Paluch of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about December 19, 2024, which, to the extent appealed from and appealable, granted plaintiffs/counterclaim defendants' motion to dismiss the counterclaims under CPLR 3211(a)(5) and (7) and 3211(g), denied defendants/counterclaim plaintiffs' cross-motion for discovery under CPLR 3211(g)(3), and stayed defendants/counterclaim plaintiffs' cross-motion to amend the counterclaims under CPLR 3025(b), unanimously affirmed, without costs.
In the late 1960s, plaintiffs S.N. and S.C., who were then teenagers, studied under nonparty Swami Satchidananda at defendant Integral Yoga Institute, Inc. Satchidananda later formed defendant Satchidananda Ashram-Yogaville, Inc. (Yogaville, and together with the Institute, defendants), which manages the Institute. In November 2023, plaintiffs commenced this action under the Adult Survivors Act (CPLR 214-j) and Gender Motivated Violence Act (Administrative Code of the City of New York § 10-1101), alleging that Satchidananda, who died in 2002, sexually abused his female students, including plaintiffs, and that the Institute not only failed to investigate the abuse, but actively encouraged it. Plaintiffs also allege that they suffered physical, psychological, and emotional injuries resulting from conduct that would constitute a sexual offense as defined in article 130 of the Penal Law. Defendants answered, pleading counterclaims for tortious interference with business relations, libel, and slander. Plaintiffs moved to dismiss the counterclaims under CPLR 3211(a)(5) and (7), as well as 3211(g), and defendants cross-moved for discovery under CPLR 3211(g)(3) and to amend their counterclaims pursuant to CPLR 3025(b).
Supreme Court properly found that the counterclaims — which are based on, among other things, publication of an article, staging of protests, allegations of sexual abuse by a public figure, and posts on social media — involved "public petition and participation" so as to fall within the anti-SLAPP law (Civil Rights Law § 76-a[1]), thus triggering the "substantial basis" standard for dismissal under CPLR 3211(g) (see Civil Rights Law § 76-a[1][a]; Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d 26, 29 [1st Dept 2022]). This standard requires defendants to sustain a heightened burden of demonstrating that their counterclaims have a substantial basis in law (see Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 19 [1st Dept 2024], lv dismissed 44 NY3d 990, [2025]).
Defendants' opposition to plaintiffs' motion to dismiss the counterclaims, which included sworn affidavits from four witnesses, failed to sustain their heightened burden. Supreme Court properly dismissed the counterclaims, which do not survive an ordinary CPLR 3211(a)(7) analysis and therefore necessarily fail under the substantial basis standard (Reeves, 232 AD3d at 12).
The counterclaims for tortious interference with business relations and libel and slander against S.C. (the first and third counterclaims) are time-barred, as they were based on a 2002 article written by S.C. and actions taken by S.C. in 1991 (CPLR 214[4], 215[3]; Casa de Meadows Inc. [Cayman Is.] v Zaman, 76 AD3d 917, 920 [1st Dept 2010]; Thome v Alexander & Louise Calder Found., 70 AD3d 88, 108 [1st Dept 2009], lv denied 15 NY3d 703 [2010]).
The counterclaim for libel and slander against S.N. (the fourth counterclaim), also fails as a matter of law. The counterclaim as pleaded lacks sufficient particularity because it contained only a vague reference to a date in 2023 when "[S.N.] began altering her public comments," and is premised on statements "of and concerning" Satchidananda (see Carlucci v Poughkeepsie Newspapers, 57 NY2d 883, 885 [1982]). However, statements "of and concerning" Satchidananda are not statements of and concerning defendants, as Satchidananda is a nonparty (see id.; Reeves, 232 AD3d at 16).
The counterclaim against S.N. for tortious interference with business relations (the second counterclaim) must also be dismissed as duplicative of the fourth counterclaim (Perez v Violence Intervention Program, 116 AD3d 601, 602 [1st Dept 2014]).
Finally, defendants' contention that plaintiffs were obliged to submit evidence on their motion to dismiss and that their motion should have been denied for plaintiffs' failure to do so is meritless. On the contrary, CPLR 3211(g) makes clear that on a 3211(a)(7) motion to dismiss, once the movant demonstrates that the claim (or, here, the counterclaim) is a SLAPP claim, the motion "shall be granted" unless the nonmoving party shows "that the cause of action has a substantial basis in law." Here, defendants have not made that showing.
Supreme Court providently exercised its discretion by denying so much of the cross-motion as sought discovery (CPLR 3211[g][3]; see Carey v Carey, 220 AD3d 477, 478 [1st Dept 2023]). The only specific discovery requested in the affirmations of defendants' counsel was discovery about the conspiracy allegedly headed by plaintiffs. Although defendants assert that the size of the conspiracy would not be within their knowledge, that assertion alone is an insufficient basis for discovery under the heightened burden to lift a discovery stay in a SLAPP action (see Carey, 220 AD3d at 479; see also BCRE 230 Riverside LLC v Fuchs, 59 AD3d 282, 283 [1st Dept 2009]).
Defendants are not entitled to appeal from the purported denial of their cross-motion to amend their counterclaims, as that portion of the order is not appealable. Supreme Court did not actually deny the branch of defendants' cross-motion for leave to amend the counterclaims; rather, the court simply noted that all motions (except motions for specific discovery permitted by CPLR 3211[g][3]) are statutorily stayed upon the filing of a CPLR 3211(g)(1) motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026