■ CYNTHIA MOCK et al., Appellants, v LAGUARDIA HOSPITAL-HIP HOSPITAL, INC., Respondent.—In a defamation action, plaintiffs appeal from an order of the Supreme Court, Queens

County (Goldstein, J.), dated June 12, 1984, which granted defendant's motion for summary judgment, denied their cross motion for summary judgment, and dismissed the complaint.

Order affirmed, with costs.

Plaintiffs were employed by defendant as supervisory nurses. As a result of their activities in attempting to organize a union to represent them and other supervisory nurses, they were discharged. It is well established by Federal law that supervisors are management personnel who owe a duty of loyalty to their employer and can be lawfully discharged for labor union activity *(Beasley v Food Fair of N. Carolina,* 416 US 653, 654-655, 659-660). Therefore, defendant's representatives' statements to other employees and to participants in a National Labor Relations Board hearing in the context of a labor dispute wherein it was claimed that plaintiffs were "disloyal", "untrustworthy", "deceitful" and "wanting in good faith" were not defamatory. To characterize one who has proven her disloyalty as "disloyal" is not defamation.

Furthermore, the statements were qualifiedly privileged since they were made by persons having an interest in the subject to others with a corresponding interest and therefore they were not actionable without proof of malice on the part of the speakers *(see, Kilcoin v Wolansky,* 75 AD2d 1, 6, *affd* 52 NY2d 995; *Gold v East Ramapo Cent. School Dist.,* 115 AD2d 636; *Kaplan v MacNamara,* 116 AD2d 626). Plaintiffs' conclusory allegations of malice herein are insufficient to defeat defendant's motion for summary judgment *(Kilcoin v Wolansky, supra,* p 11).

Lastly, we find that summary judgment was properly granted because of plaintiffs' failure to plead special damages "with sufficient particularity to identify actual losses" *(Lincoln First Bank v Siegel,* 60 AD2d 270, 280), since even if the statements were defamatory they did not concern plaintiffs in their profession as nurses, but rather, concerned their employment status as supervisors *(see, Gurtler v Union Parts Mfg. Co.,* 285 App Div 643, 647-648, *affd* 1 NY2d 5). Bracken, J. P., Lawrence, Eiber and Kooper, JJ., concur.