■ KATHY J. S. WU, Respondent, v CHUNG S. KAO, Appellant. [599 NYS2d 999] —In an action to recover on a promissory note, brought by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, the defendant appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 7, 1991, which, inter alia, denied his motion to vacate a prior judgment of the same court entered December 31, 1990.

Ordered that the order is modified, on the law, by deleting the second decretal paragraph thereof and substituting therefore a provision granting the defendant's motion to vacate the judgment entered December 31, 1990, only to the extent that the provision awarding attorney's fees is vacated; as so modified, the order is affirmed, with costs to the defendant.

The law is well settled that a civil litigant may not recover attorney's fees in the absence of contractual or statutory authority (see, Matter of Green [Potter], 51 NY2d 627, 629-630; Plancher v Gladstein, 143 AD2d 740). As no such authority exists here, the award of attorney's fees should have been vacated.

However, we reject the defendant's remaining contentions that the judgment was otherwise procured by fraud and should have been vacated (see, CPLR 5015 [a] [3]). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.