■ ALBERT AJAR, Plaintiff, v ROSLEY AJAR, Appellant, and HERMAN YELLON, Intervenor-Respondent. [616 NYS2d 59] —In a matrimonial action in which the parties were divorced by judgment entered September 1, 1989, the defendant appeals from an order of the Supreme Court, Nassau County (Saladino, J.) entered July 31, 1991, which granted the intervenor's motion to establish a charging lien, awarded him the total amount of $29,715.90, directed the defendant and the attorney-escrowee of the funds to pay them over to the intervenor, and awarded counsel fees of $21,802 to the intervenor in connection with bringing the motion to establish the lien.

Ordered that the order is modified, on the law, by deleting the provision thereof which awarded counsel fees in the amount of $21,802; as so modified, the order is affirmed, with costs payable by the defendant.

The intervenor, a practicing attorney with over 50 years experience, much of it in matrimonial law, represented the

defendant for three years in a bifurcated divorce proceeding. After the divorce was granted on the ground of cruel and inhuman treatment, and only 10 days before the trial on equitable distribution and other financial matters was to commence on February 6, 1990, the defendant sent the intervenor a letter discharging him. The intervenor submitted an affidavit to the court explaining that he had been discharged without cause and did not appear for trial on February 6, 1990. Because the defendant maintained that she had not discharged him, the court ordered the intervenor to appear the next day. After hearing both sides the court found the intervenor to be credible and relieved him of the representation. The court ordered the defendant to appear for trial one month later.

On March 15, 1990, the defendant, represented by new counsel, and her former husband entered into a stipulation in open court settling the financial matters. The pertinent provisions of the stipulation included, *inter alia,* that the defendant would accept a tax-free lump sum payment of $850,000, and an additional $30,000 for legal fees and disbursements "incurred to date". The defendant stated that she fully understood the terms of the stipulation and that she was entering into it voluntarily. The stipulation was incorporated in and survived the judgment of divorce, and did not merge therein. The defendant never appealed from the judgment of divorce.

The defendant subsequently refused to pay the intervenor's legal fee, forcing him to bring a motion to establish and enforce a charging lien on the $30,000 that had been set aside for counsel fees. After a hearing, the court granted the intervenor's application in the amount requested, plus an additional amount for the counsel fees he expended in bringing the motion. The defendant claims that the intervenor should have been precluded from recovering any fees for legal services because, among other things, he abandoned her on the eve of trial and he did not provide her with accurate billing statements in a timely manner.

The defendant's claims are without merit. The record supports the court's determination that the intervenor was discharged without cause and was therefore entitled to recover compensation from his former client commensurate with the fair and reasonable value of the services rendered *(see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457-458; *Matter of Montgomery,* 272 NY 323, 326; *Artache v Goldin,* 173 AD2d 667). The record further demonstrates that the intervenor provided the defendant with three billing state-

ments and a final itemized statement of account before she entered into the stipulation in open court on March 15, 1990. These documents sufficed to establish the fair and reasonable value of the services rendered by the intervenor in the matrimonial action.

However, we agree with the defendant's claim that the court improperly awarded counsel fees to the intervenor for the sums he expended on his own legal representation in connection with his motion to establish the charging lien. It is well settled that attorney's fees are not recoverable absent some contractual or statutory authority therefor *(see, Wu v Chung S. Kao,* 194 AD2d 666). Since the motion was one to establish and enforce a lien pursuant to Judiciary Law § 475 rather than to enforce a provision in a matrimonial judgment pursuant to Domestic Relations Law § 238, there was no legal authority for the award of counsel fees incurred in bringing the motion. Accordingly, we have modified the order to vacate this award.

The defendant's remaining contentions are without merit. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.