■ NEIL McNAUGHTON, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [650 NYS2d 688] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered June 26, 1995, dismissing the action and bringing up for review prior orders, same court and Justice, which, *inter alia*, granted defendants' motions to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff, formerly employed as an attorney by New York City's Department of Finance, claims that he was harassed by co-workers and management through the "silent treatment", and by his supervisors through their refusal to intervene and their abuse of the evaluation system, which resulted in his termination. He seeks to recover for various pecuniary losses and emotional injuries on various theories, none of which are viable. Plaintiff's claim that defendant tortiously interfered with his contractual relationship with the Department of Finance by fabricating false disciplinary charges does not state

a cause of action since defendants, as City employees, were not strangers to the contract (*see, Koret, Inc. v Christian Dior,*, 161 AD2d 156, *lv denied* 76 NY2d 714). The statements made by defendants in disciplinary memoranda evaluating plaintiff's performance are protected by a qualified privilege, were not so intemperate or vituperative in character as to justify an inference of malice overcoming the privilege, and, absent allegations showing excessive publication or otherwise inviting an inference of malice, are not actionable, even if false (*see, Kasachkoff v City of New York,* 107 AD2d 130, 134-136, *affd* 68 NY2d 654; *Garson v Hendlin,* 141 AD2d 55, 63-64, *lv denied* 74 NY2d 603). Since plaintiff placed his mental health in issue in his notice of claim, the City properly demanded a psychological examination under General Municipal Law § 50-h, the report of which is protected by an absolute privilege, which attached at every step of the proceeding (*Herzfeld & Stern v Beck,* 175 AD2d 689, 691, *lv dismissed* 79 NY2d 914, 82 NY2d 789; *Allan & Allan Arts v Rosenblum,* 201 AD2d 136, 139-140, *lv denied* 85 NY2d 921, *cert denied* 516 US 914; *Finkelstein v Bodek,* 131 AD2d 337, *lv denied* 70 NY2d 612). The court also properly found that plaintiff is not protected by Civil Service Law § 75-b because he is not a "whistleblower", and that there were no violations of plaintiff's constitutional speech rights where the speech in question, the right to bring a lawsuit against the City without retaliation, involved a private employment dispute and not a matter of public concern (*see, Ezekwo v New York City Health & Hosps. Corp.,* 940 F2d 775, 781, *cert denied* 502 US 1013). We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ross, Williams, Mazzarelli and Andrias, JJ.