■. Carlos Murganti, Respondent, v Joseph Weber et al., Appellants. [669 NYS2d 818] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about July 28, 1997, denying defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff claims that the various individual defendants, who included management employees of defendant Fordham, allegedly fabricated adverse comments about his use of sick leave which led to plaintiff being summoned to a grievance hearing at which the adverse comments were repeated in plaintiff's presence. Since the actual defamatory words were never pleaded with particularity (CPLR 3016 [a]), but were only paraphrased in a manner such that the actual words were not evident from the face of the complaint (*cf., Taub v Amana*

*Imports*, 140 AD2d 687), the long-standing rule (*see, Gardner v Alexander Rent-A-Car*, 28 AD2d 667) is that dismissal is required (*Gill v Pathmark Stores*, 237 AD2d 563) as to all defendants.

Moreover, to the extent that the remarks were made in the context of an employer's evaluation of an employee at the grievance hearing (*Kasachkoff v City of New York*, 107 AD2d 130, *affd* 68 NY2d 654), or were by management employees having responsibility to report on the matter in dispute (*supra*; *Harris v Hirsh*, 228 AD2d 206, *lv denied* 89 NY2d 805; *Gordon v Allstate Ins. Co.*, 71 AD2d 850), or by persons who had a mutual interest in employment-related abuses (*Gordon v Allstate Ins. Co., supra*), the statements were protected as a matter of law by a qualified privilege. The circumstances under which candid comments are made in a grievance hearing or in the context of supervisory responsibilities are "compelling ones for application of the privilege" (*Kasachkoff v City of New York, supra*, 107 AD2d, at 135), imposing the burden on plaintiff to demonstrate malice to defeat the privilege (*supra*). A review of the record in this case demonstrates the absence of any factual showing of malice by management employees (*Gordon v Allstate Ins. Co., supra*; *Harris v Hirsh, supra*) or by employer Fordham. Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Saxe, JJ.