■ FERNANDO COMMODARI, Appellant, v LONG ISLAND UNIVERSITY et al., Defendants, and DONALD ROGERS, Respondent. [742 NYS2d 905] —In an action, inter alia, to recover damages for fraud, tortious interference with prospective employment and economic and contractual relations, defamation, and harassment, brought by a motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), entered May 30, 2000, as granted the cross motion of the defendant Donald Rogers pursuant to CPLR 3211 (a) (7) to dismiss the action insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly granted the cross motion of the defendant Donald Rogers to dismiss the action insofar as asserted against him. The plaintiff failed to set forth the elements required to establish a cause of action alleging fraud (*see Foster v Churchill,* 87 NY2d 744; *Stukuls v State of New York,* 42 NY2d 272; *Shapiro v Health Ins. Plan of Greater N.Y.,* 7 NY2d 56; *Cohen v Houseconnect Realty Corp.,* 289 AD2d 277; *113-14 Owners Corp. v Gertz,* 123 AD2d 850), defamation, or tortious interference with prospective employment and/or economic and contractual relations (*see Foster v Churchill, supra*; *Kronos, Inc. v AVX Corp.,* 81 NY2d 90). The plaintiff's cause of action alleging harassment is simply a repetition of his defamation and tortious interference causes of action, neither of which is viable (*see McNaughton v City of New York,* 234 AD2d 83; *Mock v LaGuardia Hosp.-Hip Hosp.,* 117 AD2d 721). Prudenti, P.J., Smith, Adams and Townes, JJ., concur.