■ HARTFORD CASUALTY INSURANCE COMPANY, Respondent, v VENGROFF WILLIAMS & ASSOCIATES, INC., et al., Appellants. [761 NYS2d 308] —In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants in underlying personal injury actions entitled *Vasquez v Vengroff, Kiernan v Vengroff,* and *Kiernan v Ven-*

*groff, Williams & Associates,* all pending in the Supreme Court, Suffolk County, under Index Nos. 13523/00, 18802/00, and 9656/01, respectively, the defendants appeal from an order of the Supreme Court, Nassau County (Covello, J.), entered September 20, 2002, which granted the plaintiff's motion pursuant to CPLR 3211 (a) (7) to dismiss the defendants' counterclaim alleging fraud for failure to state a cause of action, and, in effect, denied their cross motion for leave to amend their answer to plead certain counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was for leave to amend the answer to assert a counterclaim alleging breach of contract and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

In this action, the plaintiff seeks a declaration that it is not obligated to defend or indemnify the defendants regarding personal injury actions in connection with a fire which occurred at a building owned by the defendant Henry Vengroff, the chief executive officer of the defendant Vengroff Williams & Associates, Inc. In their answer, the defendants interposed a counterclaim alleging fraud. The Supreme Court granted the plaintiff's motion to dismiss the counterclaim for failure to state a cause of action. The Supreme Court also, in effect, denied the defendants' cross motion, inter alia, for leave to amend their answer to replead the counterclaim alleging fraud and assert certain counterclaims.

The Supreme Court properly dismissed the defendants' counterclaim alleging fraud as the counterclaim failed to set forth the requisite elements of fraud with particularity (*see Commodari v Long Is. Univ.,* 295 AD2d 302, 303 [2002]; *Jae Heung Yoo v Se Kwang Kim,* 289 AD2d 451, 452 [2001]).

The Supreme Court also properly exercised its discretion in denying that branch of the defendants' cross motion which was for leave to amend their answer to replead the fraud counterclaim. Motions for leave to amend pleadings should be liberally granted absent prejudice or surprise resulting from the delay (*see* CPLR 3025 [b]; *Smith v Peterson Trust,* 254 AD2d 479, 480 [1998]). However, where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied (*see Tarantini v Russo Realty Corp.,* 273 AD2d 458, 459 [2000]; *Alejandro v Riportella,* 250 AD2d 556, 557 [1998]). While the plaintiff has failed to establish any prejudice, the Supreme Court nevertheless properly exercised its discretion in denying that branch of the

defendants' cross motion, because the defendants again failed to set forth the requisite elements of fraud with particularity (*see Commodari v Long Is. Univ., supra*; *Jae Heung Yoo v Se Kwang Kim, supra*).

However, we reach a different conclusion with respect to that branch of the defendants' cross motion which was for leave to amend their answer to assert a counterclaim alleging breach of contract. Generally speaking, a civil litigant cannot recover damages for his or her expenses in the prosecution or defense of an action (*see Wu v Kao*, 194 AD2d 666 [1993]; *Ajar v Ajar*, 207 AD2d 469, 471 [1994]). However, an exception to this rule has been recognized to allow an insured party to recover the expenses of defending a declaratory judgment action brought by an insurer in an effort to free itself from its obligations (*see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21 [1979]; *Empire Ins. Co. v Silbowitz*, 243 AD2d 251 [1997]; *GA Ins. Co. of N.Y. v Naimberg Realty Assoc.*, 233 AD2d 363, 365 [1996]). Because the defendants have been cast in a defensive position as a result of the plaintiff's attempt to free itself from the obligations of the insurance policy, the defendants, if successful, would be entitled to an award of reasonable costs and an attorney's fee incurred in defending this declaratory judgment action (*see GA Ins. Co. of N.Y. v Naimberg Realty Assoc., supra*; *American Consumer Ins. Co. v Goslin*, 97 AD2d 890 [1983]).

The defendants' remaining contentions are without merit. Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.