■ Ifeytaya Nayo Bulow, Appellant, v Women In Need, Inc., et al., Respondents. [933 NYS2d 222]—

Plaintiff, a former assistant teacher at WIN, a child care facility, was terminated after her direct supervisor made allegedly defamatory statements that she had observed plaintiff engaging

in inappropriate "sexual horseplay" with a coworker in an area where children could see them.

Initially, we disagree with the motion court's finding that the complaint failed to plead defamatory words with adequate specificity. In opposition to defendants' motion for summary judgment and to dismiss the complaint, plaintiff submitted evidentiary material, including affidavits, deposition transcripts, and documents, to support the allegations of defamation. The court should have considered that evidence in assessing the adequacy of the pleadings under CPLR 3016 (a) (*see Old Williamsburg Candle Corp. v Seneca Ins. Co., Inc.*, 66 AD3d 656, 658 [2009]; *Big Apple Car v City of New York*, 204 AD2d 109 [1994]). When considering that evidence, we find that plaintiff adequately alleged that the false allegations were repeated to other coworkers in the facility. She was not required to plead specific facts in support of her allegations of fault (*see Arts4All, Ltd. v Hancock*, 5 AD3d 106, 109 [2004]). Nor was she required to plead special damages, since the alleged defamatory statements disparaged her in her profession as a child care worker (*Pezhman v City of New York*, 29 AD3d 164, 167-168 [2006]).

However, defendants were entitled to summary judgment dismissing the defamation claim based on the qualified privilege protecting communications between employees on matters of common interest (*see Foster v Churchill*, 87 NY2d 744, 751 [1996]; *Murganti v Weber*, 248 AD2d 208, 209 [1998]). Indeed, there is no evidence to support a finding that the supervisor's challenged statements were made with actual malice (*see Sweeney v Prisoners' Legal Servs. of N.Y.*, 84 NY2d 786, 792-793 [1995]; *Murganti*, 248 AD2d at 209). Although the privilege may be overcome by a showing of excessive publication (*see McNaughton v City of New York*, 234 AD2d 83, 84 [1996], *lv denied* 90 NY2d 806 [1997]), defendant submitted evidence that none of the supervisory employees repeated the allegations to others. In opposition, plaintiff submitted only the statement of a coworker that the supervisor told her why plaintiff was terminated. Under the circumstances, this statement is also protected by the qualified privilege (*see Sanderson v Bellevue Maternity Hosp.*, 259 AD2d 888, 890-891 [1999]). Having concluded that the qualified privilege applies, we find that WIN cannot be held vicariously liable for the supervisor's statement under the theory of respondeat superior (*id.* at 891-892). The privilege is also not overcome by the claimed insufficiency of the investigation of the charges against plaintiff before she was terminated (*see Carone v Venator Group, Inc.*, 11 AD3d 399, 400 [2004]).

The action was also properly dismissed as time-barred as against defendant Kelly, who was served with the pleadings in the action two years beyond the expiration of the applicable one-year statute of limitations (*see* CPLR 215 [3]). Plaintiff failed to meet her burden of demonstrating the applicability of the relation-back doctrine (*see Cintron v Lynn*, 306 AD2d 118, 119 [2003]). Indeed, there were no factual allegations that Kelly, who was an intermediate supervisor for WIN, knew or should have known that, but for mistaken identity, she would have been named as a defendant in the action (*id.*). Concur—Mazzarelli, J.P., Catterson, Moskowitz, Renwick and Abdus-Salaam, JJ.