DiCoby v Syracuse Univ. (2021 NY Slip Op 00622)





DiCoby v Syracuse Univ.


2021 NY Slip Op 00622


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 300127/19E Appeal No. 13052 Case No. 2020-03989 

[*1]Adam DiCoby, Plaintiff-Appellant,
v
Syracuse University, Defendant-Respondent.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Barclay Damon LLP, Syracuse (Robert J. Thorpe and Mark T. Whitford, Jr. of counsel), for respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about August 28, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff has failed to adequately plead a claim for breach of contract. The complaint alleges neither a written employment agreement nor any employment for a fixed term. Instead, the complaint alleges only that defendant breached the implied duty of good faith in issuing the letter of warning and directing plaintiff to take anti-harassment training. Absent exceptions not applicable here, however, there is no implied duty of good faith in an at-will employment (see Horn v New York Times, 100 NY2d 85, 92 [2003]).
Plaintiff also asserts that defendant's written employment policies proscribe retaliation, discrimination, and harassment of employees. Although written employment policies can form part of an implied contract, here, however, with one exception, these policies appear nowhere in the record. Nor does plaintiff quote from the policies, summarize their terms, or otherwise demonstrate how defendant breached them.
The only written policy that does appear in the record deals with "Termination and Severance." However, even assuming that a breach of contract claim has been stated, it fails because is it barred by collateral estoppel (see generally Ryan v New York Tel. Co., 62 NY2d 494, 500-501 [1984]). The issues of whether defendant had a legitimate business reason to terminate plaintiff and take the employment actions of which plaintiff complains were fully resolved by the New York State Division of Human Rights (DHR), with both parties having a full and fair opportunity to litigate the issue in that administrative proceeding. Plaintiff failed to appeal the DHR's finding and or allege in this action that defendant lacked cause.
Moreover, plaintiff has failed to plead any claim for promissory estoppel, because he has failed to allege any "unambiguous promise" or reasonable and foreseeable reliance and detriment (New York City Health & Hosps. Corp. v St. Barnabas Hosp., 10 AD3d 489, 491 [1st Dept 2004]).
In the eighth cause of action, plaintiff seeks to recover 18 days of vacation which he had allegedly accrued when his employment ended but which defendant did not pay. However, pursuant to the Fair Labor Standards Act (see 29 USC §§ 201-219), employees have no "statutory entitlement to accrued vacation pay" (Arjumand v Laguardia Assoc., L.P., 2015 WL 1470470, *5, 2015 US Dist LEXIS 40444, *11 [ED NY 2015] [internal quotation marks omitted]).
Plaintiff's assertions that defendant defamed him in the warning letter are unavailing. He contends that the letter, "essentially finding" that plaintiff had violated defendant's policy, is defamatory. To the extent the claim is based on the letter in general, it fails to state a cause of action for defamation. Plaintiff paraphrases the letter in his complaint and misstates its contents, since the letter expressly [*2]found that he had not violated defendant's policies (see CPLR 3016[a]; Murganti v Weber, 248 AD2d 208, 208-209 [1st Dept 1998]). Plaintiff also fails to adequately plead publication (see Ott v Automatic Connector, 193 AD2d 657, 658 [2d Dept 1993]). He states only that the letter, though addressed to him, was "published to the rest of the Administration." This vague and undefined phrase does not meet the particularity requirements for person and time (see id).
Plaintiff's reliance on that part of the letter which states that defendant found that his conduct was "unprofessional and inappropriate" and evinced a "lack of appropriate judgment," is adequately particularized, at least as to its content, being a direct and accurate quote from the letter. However, a qualified privilege attaches to statements made for a supervisory purpose in an employment context (see Murganti, 248 AD2d at 209). Since the letter was written by his employer in the context of an investigation into workplace conduct, the letter was protected under the qualified privilege (see Foster v Churchill, 87 NY2d 744, 751 [1996]). Plaintiff also fails to plead excessive publication of the letter, which is required in order to overcome the privilege (see Bulow v Women in Need, Inc., 89 AD3d 525, 526 [1st Dept 2011]).
We decline to consider plaintiff's proposed cause of action under Title VII of the Civil Rights Act of 1964, which he did not assert in his complaint and raised for the first time only on appeal (see Rosenberg v Home Box Office, Inc., 2006 NY Slip Op 30358[U], *20 [Sup Ct, NY County], affd 33 AD3d 550 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021