Ahmed v Nnoli (2024 NY Slip Op 50155(U))

[*1]

Ahmed v Nnoli

2024 NY Slip Op 50155(U)

Decided on February 14, 2024

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 14, 2024
Supreme Court, New York County

Naseer Ahmed, Plaintiff,

against
Grace Nnoli, Defendant.

Index No. 158497/2022

Peter Brill, Esq. for Plaintiff
Lauren Fae Silver, Esq. for Defendant

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17 were read on this motion for DISMISSAL.
With the instant motion defendant Grace Nnoli ("defendant") moves, pursuant to CPLR § 3211(a)(7), for an order dismissing plaintiff Naseer Ahmed's ("plaintiff") complaint on the ground that it fails to state any viable causes of action as a matter of law. Plaintiff opposes the motion.
BACKGROUND
Plaintiff, employed as a pharmacist by New York City Health and Hospitals Corporation at Harlem Hospital ("Harlem Hospital"), brings this action against defendant, a pharmacist and [*2]supervisor at Harlem Hospital (see Compl. ¶¶ 5-6). As per the complaint, defendant, while not plaintiff's direct supervisor and not responsible for plaintiff's performance evaluations, undertook and completed plaintiff's performance evaluation in 2022 (id. ¶ 8, 9). The complaint raises concerns only about two specific categories in the entire performance evaluation, where plaintiff received a "needs improvement" rating (id. ¶¶ 12, 18).
It is noteworthy that plaintiff's complaint fails to acknowledge that he received an overall evaluation of "satisfactory," with "satisfactory" ratings in forty-six categories and only "needs improvement" in four categories. Plaintiff's grievance is confined to two categories and a comment in the overall evaluation section (id. ¶¶ 12, 18, 24). Specifically, in the evaluation, defendant expressed the view that plaintiff "needs improvement" in the category titled "Health System Pharmacist Lvl I — Quality of Work 10" (id. ¶ 12). Defendant opined that plaintiff "needs more training" due to his discomfort with executing procedures for preparing sterile products (id.). Additionally, the evaluation notes that plaintiff "needs improvement" in the category titled "Health System Pharmacist Lvl I — Other Factors 13" (id. ¶ 18), with the description indicating plaintiff's verbalization of discomfort working in the IV ROOM, where he can demonstrate compliance with established infection control protocols (id.).
In the overall evaluation section entitled "Section 5 — Plans for Improvement (CB)," defendant expressed the opinion that plaintiff "[n]eeds re-orientation in IV STERILE COMPOUNDING PROCESS to help him build some confidence in himself to improve his practice" (id. ¶ 24). Notably, plaintiff omits information that he also received a "needs improvement" rating in two other sections related to tardiness, failure to return from vacation promptly, and failure to submit documentation for unauthorized vacation days.
According to plaintiff, defendant's statements are false since defendant neither observed him carrying out the mentioned protocols nor discussed his competency in executing them (id. ¶¶ 10, 13-14). Importantly, plaintiff does not allege that he performed these protocols correctly (id. ¶¶ 13, 20). Rather, plaintiff contends that these statements were intentionally made to harm his career and reputation, leading to his shift transfer and instilling fear of termination, causing "significant mental and emotional distress" (id. ¶¶ 27, 30-31). However, the complaint lacks any assertion that his career and reputation have actually suffered, that the shift transfer resulted from the "needs improvement" ratings, or that Harlem Hospital has taken steps to terminate his employment based on this evaluation.

 DISCUSSION
"On a motion to dismiss pursuant to CPLR § 3211, the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (see Leon v. Martinez, 84 NY2d 83 [1994]).
When considering a motion to dismiss under CPLR § 3211(a)(7), a court must accept the factual allegations of the pleadings as true, affording the non-moving party the benefit of every possible favorable inference and determining "only whether the facts as alleged fit within any [*3]cognizable legal theory" (see D.K. Prop., Inc. v. Natl. Union Fire Ins. Co. of Pittsburgh, 168 AD3d 505 [1st Dept. 2019]; Weil Gotshal & Manges LLP v. Fashion Boutique of Short Hills, Inc., 10 AD3d 267 [1st Dept. 2004]).
Notwithstanding, "bare legal conclusions and factual claims, which are either inherently incredible or flatly contradicted by documentary evidence are not presumed to be true on a motion to dismiss" (Vig v. New York Hairspray Co., 67 AD3d 140, 145 [1st Dept 2009]; see also DuBois v. Brookdale Univ. Hosp. & Med. Ctr., 29 AD3d 731, 732 [2d Dept 2006][affirming the dismissal of plaintiff's complaint alleging age, race, and national origin discrimination, as plaintiff's "allegations were merely conclusory"); Scarfone v. Village of Ossining, 23 AD3d 540, 541 [2d Dept 2005]["plaintiff's vague, conclusory assertions, unsupported by factual allegations, were insufficient to sustain a cause of action pursuant to the New York Human Rights Law"). A motion to dismiss should therefore be granted unless "from [the pleading's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (McGill v. Parker, 179 AD2d 98, 105 [1st Dept 1992][quoting Guggenheimer v. Ginzburg, 43 NY2d 268, 275 [1977]).
The elements of a cause of action to recover damages for defamation are: (1) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (2) published without privilege or authorization to a third party, (3) amounting to fault as judged by, at a minimum, a negligence standard, and (4) either causing special harm or constituting defamation per se (Stepanov v Dow Jones & Co., 120 AD3d 28, 34 [1st Dept 2014]). Defamation arises from "the making of a false statement which tends to 'expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society'" (Dillon v. City of New York, 261 AD2d 34, 38 [1st Dept 1999][quoting Foster v. Churchill, 87 NY2d 744, 751 [1996]). It is a legal question for the court to determine in the first instance whether particular words are defamatory (Aronson v. Wiersma, 65 NY2d 592, 593 [1985]). The "words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction" (id. at 594; see also Golub v. Enquirer, 89 NY2d 1074 [1997]). "Loose, figurative or hyperbolic statements, even if deprecating the plaintiff, are not actionable" (Dillon, 261 AD2d at 38, supra). Moreover, the time, place, manner, and persons to whom the publication was made must be alleged in the complaint (Geddes v. Princess Properties Int'l., Ltd., 88 AD2d 835, 835 [1st Dept 1982]).
In evaluating the present motion to dismiss, the court has carefully considered plaintiff's assertions and the supporting evidence presented by defendant. The crux of plaintiff's complaint revolves around the performance evaluation he received, specifically contesting the "needs improvement" ratings in two categories and the accompanying comments provided by defendant.
Upon review of plaintiff's performance evaluation, it becomes apparent that plaintiff received an overall evaluation of "satisfactory." Notably, plaintiff secured a "satisfactory" rating in a substantial number of categories, with only four categories marked as "needs improvement." [*4]Plaintiff's complaint, however, selectively addresses only two of these four categories, omitting the broader context of his satisfactory performance in most evaluated areas.
Defendant's comments in the evaluation shed light on the specific areas where plaintiff received a "needs improvement" rating. Plaintiff challenges these comments, contending that they are false and were made without proper observation or discussion of his competency in executing certain protocols. Notably absent from plaintiff's allegations is any assertion that he actually performed these protocols correctly.
Furthermore, plaintiff's complaint extends beyond the specific evaluations, incorporating claims of intentional harm to his career and reputation, a shift transfer, and the fear of termination causing significant emotional distress. However, plaintiff fails to substantiate these broader allegations with specific instances of tangible impact on his career or reputation, the causal link between the shift transfer and the evaluation, or any concrete steps taken by the employer towards termination.
In essence, plaintiff's complaint lacks the requisite factual foundation to support the sweeping allegations of intentional harm and professional repercussions. The omission of key details, such as the plaintiff's "needs improvement" ratings in other sections related to attendance and documentation, further diminishes the persuasiveness of the plaintiff's arguments.
Narrowing in on the specific contours of plaintiff's defamation allegations, it is notable here that plaintiff's claims necessarily must fail because plaintiff has failed to plead: (1) that the alleged statements were false or defamatory; (2) that the statements were published to a third party; and (3) that defendant's statements in a performance evaluation were not privileged.
Likewise plaintiff, in asserting a defamation cause of action, fails not only to plead the requisite falsity of the statements but also neglects to demonstrate that the statements, considered in their entirety, are reasonably susceptible to a defamatory connotation. Referencing Davis v. Boeheim, 24 NY3d 262, 268 (2014), the court emphasizes that falsity is an indispensable element of a defamation cause of action. Plaintiff's contention that defendant neither observed nor discussed plaintiff's competency in executing certain protocols does not suffice to meet the threshold of pleading falsity. Notably, plaintiff refrains from asserting that the statements are false or that the protocols were executed correctly, a crucial omission that significantly weakens the defamation claim.
Furthermore, in assessing the statements within the context of the entire performance evaluation, the court finds no reasonable basis for a defamatory connotation. As established in Stepanov v. Dow Jones & Co., Inc., 120 AD3d 28, 34 (1st Dept 2014), the court must determine whether the statements, when viewed in their entirety, are reasonably susceptible to defamatory implications. Here, defendant's statements pinpoint specific areas for improvement in plaintiff's performance. However, the overall satisfactory rating in forty-six categories, coupled with the constructive recommendations for improvement, does not lend itself to defamatory interpretations.
Moreover, the court acknowledges the constitutional protection accorded to opinions, as underscored in Rinaldi v. Holt. Reinhart & Winston, 42 NY2d 369, 380 (1977). The statements in the performance evaluation, portraying plaintiff's need for improvement as an expression of discomfort with certain procedures and recommending re-orientation for confidence-building, unmistakably reflect defendant's opinions. Citing Abbitt v. Carrube, 2016 NY Misc. LEXIS 5275, at * 7, 2016 NY Slip Op 32874U (Sup. Ct. New York Cnty 2016), the court observes that defendant's expression of subjective dissatisfaction with plaintiff's performance is not actionable as defamation. Indeed, the statements in the performance evaluation, being neither false nor defamatory, are manifestly defendant's opinions, and therefore are not defamation.
In assessing the viability of plaintiff's claims, the court discerns that even if the statements in question could be construed as potentially defamatory, plaintiff's case lacks the necessary elements to withstand dismissal. Notably, plaintiff fails to allege that defendant Nnoli disseminated the evaluation to third parties outside of Harlem Hospital, a significant deficiency warranting dismissal.
Moreover, the court turns its attention to the assertion that statements made by an employer concerning an employee's conduct are protected by a qualified privilege. Drawing on established legal precedent, such as Aronson v. Wiersma, 65 NY2d 592 (1992), the court emphasizes that statements made by an employer about an employee enjoy a qualified privilege designed to foster open communication about an employee's fitness without the fear of reprisal.
The concept of a qualified privilege arises when a person communicates bona fide information on a subject where they have an interest or a legal, moral, or social duty to speak, and the communication is directed towards someone with a corresponding interest or duty. As articulated in Garson v. Hendlin, 141 AD2d 55, 60 (2d Dept 1988), the privilege is affirmed when there are reasonable grounds to believe in the innocence of the motive behind the information sharing.
Additionally, the court recognizes that statements made in internal memoranda or personnel files, specifically in the context of an employment review, are qualifiedly privileged. Citing Williams v. Varig Brazilian Airlines, 169 AD2d 434, 438 (1st Dept 1991), and Hollander v. Cayton, 145 AD2d 605 (2d Dept 1988), the court underscores that a qualified privilege attaches to statements made by a supervisor tasked with evaluating an employee's performance.
In the case at hand, the alleged statements, indicating that plaintiff "needed improvement" in specific categories on the evaluation, were confined to an internal evaluation process. As established in Kasachkoff v. New York, 107 AD2d 130, 134 (1st Dept 1985), the privilege applies squarely to statements made by employers or supervisors evaluating an employee's performance. Plaintiff's attempt to evade this common interest doctrine by emphasizing the lack of a "direct" supervisor relationship is deemed inconsequential, as the crucial factor is the existence of a common interest in the subject matter, not merely a hierarchical chain of command.
In opposition, plaintiff contends that the evaluation in question is not shielded by a [*5]protected privilege, relying on McNaughton v. City of New York, 234 AD2d 83 (1st Dept 1996), and Mock v. La Guardia Hospital-Hip Hospital, Inc., 117 AD2d 721 (2d Dept 1986). However, a closer examination reveals that both cited cases acknowledged the protection of qualified privilege for the statements in question.
In McNaughton, the court specifically determined that statements made by the defendants in disciplinary memoranda assessing the plaintiff's performance were indeed safeguarded by a qualified privilege (see McNaughton, 234 AD2d at 84, supra). Similarly, in Mock, the court found that statements made by supervisors characterizing other employees as "disloyal, untrustworthy, deceitful, and wanting in good faith" were qualifiedly privileged (see Mock, 117 AD2d at 722, supra).
Therefore, contrary to plaintiff's argument, the cases he cites actually support the application of qualified privilege to the statements at issue in the present matter. The established precedent in McNaughton and Mock aligns with the recognized protection of statements made in an employment context, contributing to the prevailing view that such evaluations fall under the umbrella of qualified privilege.
Considering this analysis, the court finds plaintiff's reliance on McNaughton and Mock unavailing, as these cases affirm rather than undermine the qualified privilege attached to the statements made in the performance evaluation. Consequently, plaintiff's argument that the evaluation is devoid of a protected privilege is unfounded in light of the pertinent legal precedent.
Furthermore, contrary to plaintiff's arguments in opposition, it is evident that the qualified privilege shielding the statements from defamation claims was not waived due to a lack of actual malice. The onus rests on plaintiff to establish that defendant's motivation was solely driven by malice when making the alleged statements, as elucidated in Curren v. Carbonic Sys., Inc., 58 AD3d 1104 (3d Dept 2009).
It is apparent that plaintiff has fallen short of meeting this demanding burden. Conclusory assertions of malice, as emphasized in Serratore v. Am. Port Servs., 293 AD2d 464 (2d Dept 2002), along with subsequent cases such as Rohrlich v. Consolidated Bus Tr., Inc., 15 AD3d 561, 562 (2d Dept 2005), and Baker v. City of New York, 44 AD3d 977, 981 (2d Dept 2007), do not suffice to sustain the claim of actual malice. Notably, plaintiff's contentions regarding defendant's alleged intent to harm his career and reputation, as well as the purported connection between the evaluation and his shift change, remain conclusory and lack specific factual support.
The court underscores the insufficiency of plaintiff's reliance on vague assertions, emphasizing the necessity of concrete facts to substantiate claims. As stated in Obi v. Amoa, 58 Misc 3d 446, 468 (Sup. Ct. Kings Cnty. Aug. 21, 2017), plaintiff cannot rest on mere conclusory allegations, suspicion, or conjecture. Consequently, plaintiff's complaint is found wanting in terms of the essential factual foundation and warrants dismissal.
Considering the foregoing, the court finds that plaintiff has not sufficiently pleaded [*6]viable causes of action to survive defendant's motion to dismiss. Plaintiff's selective focus on a subset of the evaluation, coupled with the absence of factual support for broader claims, renders the complaint deficient. Ultimately, the court finds that plaintiff's claims falter on multiple grounds, as expounded in defendant's motion. Notably, plaintiff has failed to assert that the statements in question were per se defamatory or libelous, or that they resulted in special harm, as elucidated by defendant. Contrary to plaintiff's argument, there is an absence of adequate allegations pertaining to special damages or any exceptions. The complaint lacks any indication that the shift transfer incurred additional expenses, a point asserted in plaintiff's opposition papers but conspicuously missing from the complaint itself.
In addition to the deficiency in pleading economic damages, plaintiff has not set forth any damages of any kind. The apprehensions regarding reputational loss put forth by plaintiff are entirely speculative and fall short of the requisites for special damages. This inadequacy is underscored by recent case law, such as Riordan v. Garces, 216 AD3d 416 (1st Dept 2023) and Hoops v Sinram, 181 AD3d 796 (2d Dept 2020), wherein allegations of lost opportunities and lost overtime opportunities were deemed speculative.
Furthermore, plaintiff falls short of meeting the criteria for defamation per se and libel per se, given the failure to plead actual damage to his reputation, as per Geraci v. Probst, 61 AD3d 717, 718 (2d Dept 2009). The assertion that Harlem Hospital management might utilize the statements as a pretext for disciplinary actions, including termination, is insufficient to meet the required standard. This argument aligns with precedent, such as Savitt v. Cantor, 189 AD3d 468 (1st Dept 2020), where a similar allegation was deemed speculative and fell short of establishing actual harm (see also Ferguson v. Sherman Sq. Realty Corp., 30 AD3d 288, 289 [1st Dept 2006]).
Moreover, it is firmly established that statements in performance evaluations do not amount to defamation per se (Aronson v. Wiersma, 65 NY2d 592, 594 [1985]). In light of these considerations, plaintiff's failure to plead per se defamation or per se libel, coupled with the absence of special damages, provides an additional basis for the dismissal of the complaint in its entirety.
Based on the foregoing, it is hereby
ORDERED that defendant's motion to dismiss plaintiff's complaint is granted in its entirety; and it is further
ORDERED that plaintiff's complaint is dismissed in its entirety, with prejudice.
This constitutes the decision and order of the court.
DATE 2/14/2024
HASA A. KINGO, J.S.C.