Ortega v Duran (2025 NY Slip Op 51133(U))

[*1]

Ortega v Duran

2025 NY Slip Op 51133(U)

Decided on July 22, 2025

Supreme Court, Bronx County

Tapia, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 22, 2025
Supreme Court, Bronx County

Yohanna Ortega and CHARINEX PLASENCIA, Plaintiff,

against
Adelso Duran, AVINASH WAJIB, and FEDERAL EXPRESS CORPORATION, Defendants.

Index No. 804077/2024E

Movant Defendants: Dominick R. Pintavalle of Morrison Mahoney LLP and Respondent Plaintiffs: Thania M. Barbecho, Krupnik Law Group P.C.

Fernando Tapia, J.

The following papers were read on this motion (Seq 2) to REARGUE/AMEND ANSWER submitted on July 17, 2025.
Notice of Motion — Exhibits and Affidavits Annexed NYSCEF No(s). 39-47
Opposition — Exhibits and Affidavits Annexed NYSCEF No(s). 48
Reply — Exhibits and Affidavits Annexed NYSCEF No(s). 49
Upon the foregoing papers, Defendants Avinash Wajib and Federal Express Corporation move pursuant to CPLR § 2221 for leave to renew and reargue their motion pursuant to CPLR § 3025(b) to file an amended answer to assert the affirmative defense of fraud.
Defendants submit copies of the pleadings, this Court's prior Order, the deposition transcripts of Plaintiffs and the police report.
As noted in this Court's prior Order, Defendants' basis for an affirmative defense of fraud in their original moving papers was that they have discovered that several of Plaintiffs' medical providers are named in a Civil RICO action pending before U.S. District Court E.D.NY Defendants now raise a new argument, contending that in light of new evidence, in the form of a statement in the police accident report regarding the refusal of Plaintiffs to receive medical treatment at the accident scene and Plaintiffs' medical records, they should be able to assert an affirmative defense of fraud.
 I. Standard for Asserting an Affirmative Defense of Fraud
To assert an affirmative defense of fraud, Defendants must show the elements of a fraud claim with peculiarity, namely "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the [defendants] and damages" (Tejada v Amazon Logistics Inc., 86 Misc 3d 1218(A) [Bronx Co. 2025], citing Eruycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, [2009], Meiterman v Corporate Habitat, 173 AD3d 593 [1st Dept 2019], and Hartford Cas. Ins. Co. v Vengroff Williams & Assoc., Inc., 306 AD2d 435 [2nd Dept 2003]).
Here, as to the material misrepresentation of the facts, Defendants assert three bases for their affirmative defense of Fraud. 1) That there are inconsistencies regarding the treatment of Plaintiffs' claimed injuries between the initial hospital visit and the subsequent doctor visits. 2) The police report indicated Plaintiffs refused medical attention at the scene of the accident. 3) The neck surgeries are the results of MRIs from medical providers currently subject to a Civil RICO matter. Point 1 is discussed below. Point 2 is discussed in detail in Section II. Point 3 is discussed in detail in Section III.
Defendants assert in their affirmation of counsel that the medical records of Plaintiffs by the Medical providers of Atlantic Medical Care, P.C., Community Medical Imaging of Brooklyn, P.C., New Horizon Surgical Center, LLC and Andrew J. McDonnell, M.D., when compared to the circumstances of the accident, the refusal to seek medical attention, and with the records from the initial hospital visits "raise more questions than answers." Specifically, regarding Plaintiff Yohanna Ortega, Defendants assert that her initial complaint at the hospital was to the left shoulder, and only later after treatment with the listed providers did the injuries to the neck become the primary injury resulting in two surgeries. As to Plaintiff Charinex Plasencia, Defendants assert that although she did present to the hospital with complaints of neck injuries, she was discharged same day and only after receiving treatment by the same specific medical providers that she underwent two neck surgeries.
Notably, Defendants do not provide the subject medical records as evidence in support of their assertions, nor are any of the medical records part of the record available to this Court on NYSCEF. Accordingly, the only facts or evidence provided for the above assertions regarding Plaintiffs' medical treatment is Defendants' own affirmation of counsel, which alone is insufficient.
II. Asserting an Affirmative Defense of Fraud as a Result of Contradictions Between the Police Report and the Parties' Depositions.
Defendants contend that the police report completed after the accident states that all parties refused medical attention from Emergency Medical Services. This notably contradicts Plaintiffs' deposition testimonies that they received medical treatment on the day of the accident. (Exhibit E, pp. 26-28, 35 & Exhibit F, pp. 30-32).
Plaintiffs contend that the police report is inadmissible. An uncertified police accident report prepared by an officer who did not witness the accident is inadmissible hearsay. (Li v Karim. 222 AD3d 594 [1st Dept. 2023]; Garcia v BLS Limousine Service of New York, Inc., 199 AD3d 612 [1st Dept. 2021]; Coleman v Maclas, 61 A.D3d 569 [1st Dept. 2009]). However, police accident reports are admissible as business records if the report is made based upon the officer's personal observations and while the officer is carrying out their police duties (Holliday v Hudson Armored Car & Courier Service, Inc., 301 AD2d 392 [1st Dept. 2003].). Here, Defendants note [*2]that the police report was completed and signed by the responding police officer and was reviewed by a supervising officer. Accordingly, the police accident report is admissible under the business records exception to the hearsay rule.
However, as the First Department held in Noakes v Rosa, 54 AD3d 317 [1st Dept. 2020], "even where a police report is properly certified, the hearsay statements of nonparties or unknown sources contained therein may not be admitted for their truth." 
Here, the responding police officer wrote that "Both parties [refused medical attention] on scene." (Exhibit G). This writing arises out of the statements the responding police officer took from the parties at the scene from Defendants Adelso Duran and Avinash Wajib as drivers of their respective vehicles. It is noted that the report was later amended to list the passengers of the vehicles, including Plaintiffs.
There is nothing within the statement or police report that indicates to the Court whether the statement of parties refusing medical attention refers to Defendant drivers only or to all parties involved in the accident. Based on the facts presented to the Court, it is entirely possible that the responding police officer did not note the presence of, speak to, or record statements from Plaintiffs at the time of the accident. Combined with Plaintiffs' deposition testimonies, there is a reasonable explanation that Plaintiffs received medical treatment and were removed from the scene before police arrived, (see Exhibit F, pp. 30-31). Hence, it is possible that the remaining Defendant drivers made a "refused medical treatment" statement to the responding police officer, who later amended the report to add Plaintiff passengers upon learning about them.
Accordingly, the statements that the parties refused medical treatment at the scene of the accident, to the extent Defendants assert they are implied to also refer to Plaintiffs, are inadmissible as hearsay. At best they contradict the deposition testimony of Plaintiffs and thus create a triable issue of fact to be determined by the jury.

III. Asserting Fraud as a result of a Civil RICO Action Against Plaintiffs' treating doctors
In its decision and Order dated May 13, 2025, this Court denied Defendants' motion after having thoroughly researched and reviewed the controlling case law on the assertion of the affirmative defense of fraud in response to Civil RICO filings against Plaintiffs' treating doctors and/or law firm. This Court found that within the First Department, which is controlling over this Bronx Supreme Court, defendants have been repeatedly denied leave to amend their answer to assert an affirmative defense or counterclaim of fraud where the plaintiff's law firm and/or medical providers have been named in a pending Civil RICO action. (See e.g. Linares v City of New York, 233 AD3d 479, [1st Dept. 2024]; Zhou Mou Ling v New York Presbyt./Brooklyn Methodist, 2024 WL 5218481, [Bronx County, 2024]; Lopez v Post Ave. Realty LLC, 2025 WL 436737, [New York County, 2025]). Unproven allegations of fraud against the plaintiff's medical providers in a Civil RICO action, without more, do not warrant an affirmative defense of fraud. (Wilmer Mauricio Espinoza v Rockaway South, L.P., 2025 WL 104615, [New York County, 2025], citing Linares; Yaucan v Times Square Hotel Owner, LLC, 2024 WL 3221215, [New York County, 2024]).
In their moving papers for the extant motion to reargue, Defendants argue the Court has overlooked case law where courts have in fact granted Defendants leave to amend their answer. However, the case law cited by Defendants is from the Second Department which is controlling [*3]over Kings and Queens Supreme Courts most of the caselaw cited by Defendants originates. As noted above, this Court is the Bronx Supreme which is within the First Department.
Furthermore, in the time since this Court issued its prior Order and Decision, the First Department has upheld its decision in Linares. See, Angusiaca-Morales v St. Paul and St. Andrew United Methodist Church, 238 A.D3d 439, [1st Dept. 2025] (Where the First Department used Linares to hold that unproven allegations of fraud against the plaintiff's counsel are insufficient to support a claim of fraud against the plaintiff) and Broughton v 553 Marcy Avenue Owners LLC, 2025 WL 1403877, [1st Dept. 2025] (where the First department cited Linares in rejecting the defendants suggestion, based upon unproven allegations of fraud in two pending federal civil RICO actions, that the plaintiff conspired with his counsel's firm and medical providers to fabricate his accident and file false personal injury claims). First Department cases are controlling over this Court, whereas the cases cited by Defendants are not. As the First Department is controlling, the decisions and Orders by Bronx Supreme judges of concurrent jurisdiction cited by Defendants are unavailing.

IV. Conclusion
Accordingly, the three bases for misrepresentation of fact in Defendants' assertion of an affirmative defense of fraud are unavailing to this Court. The Civil RICO action basis is improper, the statements in the police report are inadmissible, and the assertions about Plaintiffs' medical treatment are insufficiently supported by the record. Furthermore, this Court notes that Defendants do not address the "knowledge of its falsity, an intent to induce reliance, justifiable reliance by the [defendants] and damages" (See Tejada at 2) elements for a claim of fraud beyond mere assertions in the affirmation of counsel. The Court has considered the parties remaining arguments and finds them unavailing.
Accordingly, it is hereby
ORDERED, that Defendants' motion is denied.
This constitutes the Decision and Order of this Court.
Dated: July 22, 2025
FERNANDO TAPIA, J.S.C.